HENRY HIEMENZ JR., Respondent, v. WILLIAM GOERGER, Appellant.

St. Louis Court of Appeals, December 6, 1892.

1. **Agency, Establishment of**: RIGHT TO COMPENSATION FOR SERVICES. When one person acts for another, he must, in order to entitle himself to compensation therefor, establish directly or inferentially a request for the rendition of the services. When the party sought to be charged does not avail himself of the services performed, a request by him cannot be inferred from the mere fact that he knew that the supposed agent believed he was authorized to act for him, but nevertheless interposed no objection.

2. ——: ——: SUFFICIENCY OF THE EVIDENCE. But the evidence in this cause is considered by the court, and is *held* adequate to warrant a finding in favor of such request and right to compensation.

3. **Parties**: JOINDER OF PARTIES IN INTEREST. When an agent earns compensation from his principal, and, after giving a third person an interest therein, seeks to recover the same from the principal, such third person is not a necessary party to the action.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Broadhead & Hezel,* for appellant.

(1) The court erred in giving the instructions it gave of its own motion, in giving the instructions asked by plaintiff, and in refusing to give the instruction asked by defendant, viz., that plaintiff could not recover under the pleadings and the evidence. *Bowen v. Railroad,* 75 Mo. 426; *Bonine v. City,* 75 Mo. 437; *Condon v. Railroad,* 78 Mo. 567; *Hollender v. Koetler,* 20 Mo. App. 79. (2) The court erred in refusing to give instruction, numbered 2, asked by defendant. (3) The court erred in admitting the testimony of Koster, when recalled, concerning the conversations he had with Hiemenz. (4) The court erred in allowing the plaintiff to make the amendment made.

*Henry Kortjohn,* for respondent.

(1) The court committed no error in giving or refusing instructions. *Condon v. Railroad,* 78 Mo. 567. (2) The petition as amended stated no cause of action different from that tried by the justice. *Newberger v. Friede,* 23 Mo. App. 639; *Hanson v. Jones,* 20 Mo. App. 595. (3) Appellant by going on with his defense waived any right which he might have had to complain of the amendment. *Scovill v. Glasner,* 79 Mo. 449. (4) The action of the circuit court in allowing the amendment cannot be reviewed, because the attention of the circuit court was not called thereto by appellant's motion for a new trial. *Brady v. Connelly,* 52 Mo. 20; *Acock v. Acock,* 57 Mo. 154.

BIGGS, J.—This is an action on an account for $244. It originated before a justice of the peace. The account consists of two items, one for $234 as the commissions on the sale of one hundred and forty-four feet of ground in the city of St. Louis for $9,360, and the other for $10 as the fee for writing a deed. In the statement filed before the justice it was alleged that, prior to the twenty-eighth day of July, 1890, the defendant employed the plaintiff, who is a real-estate agent, to sell the property at the price stated, and that it was agreed that the plaintiff should receive as compensation for his services, in the event he should find a purchaser, two and one-half per cent. on the purchase price. It was then averred that the plaintiff did find a purchaser who was ready and willing to buy the property at the stipulated price; that the defendant refused to consummate the sale, and that he refused to pay plaintiff for his services. It was also alleged that the defendant employed the plaintiff to prepare a deed conveying the property to said purchaser; that the deed was written by the plaintiff; that it was reasonably worth $10 to prepare it, and that the defendant refused to pay him anything therefor. There was a judgment before the justice for $239. On appeal to the circuit court, on a trial before a jury, a finding for the same amount was returned, and judgment was entered thereon. The defendant has again appealed.

At the close of the evidence the defendant asked for an instruction of nonsuit, which the court refused. Of this the defendant complains. At the instance of the plaintiff the court instructed the jury as follows: "1. The jury are instructed that it is not necessary that the defendant should have given plaintiff written authority to sell his property in order to entitle plaintiff to recover.

"2. The jury are instructed that, if the plaintiff, with the knowledge of the defendant, was offering defendant's property for sale, and the defendant did not object thereto, but accepted plaintiff's services, then plaintiff is entitled to recover the reasonable value of such services, though the defendant never in so many words agreed to pay him for the same."

The second instruction declares the law incorrectly, and was prejudicial. The plaintiff's evidence tended to show that the defendant knew that plaintiff acted for him under a belief that he was authorized so to act, and under a belief that the defendant did recognize him as his agent. When a person, under such circumstances, avails himself of the services of another, the jury may, from the circumstances, infer a previous request. But a request, whether shown by direct or inferential evidence, is essential in all cases of contracts, and it is not the law that such request may be inferred from the mere fact, that one renders services for another without objection on the part of the person for whom such services were rendered, and that such fact amounts to an acceptance of the services with a promise to pay for the same.

The defendant insists that there is no evidence of a contract of employment, and that his demurrer to the evidence ought to have been given. It may be conceded that the plaintiff's evidence failed to establish by positive proof a contract of employment, or an express contract to pay a certain compensation. It was by reason of this latter condition of the proof that the plaintiff, at the close of his evidence, asked leave to amend his statement by striking out the paragraph alleging an express contract to pay a compensation of two and one-half per cent. and inserting in lieu thereof an allegation that the reasonable value of plaintiff's alleged services was $234. We have read the record carefully,

and we are very strongly impressed in favor of the court's action in the matter complained of. The evidence leaves no room to doubt that plaintiff procured a purchaser for the property, who was ready and willing to pay the price asked; that defendant at first orally agreed that he would make the sale, but afterwards changed his mind and refused to make the deed, alleging as an excuse that his wife would not sign it, and that he did not know the purchaser. Beyond this the evidence tends to show a course of dealings between the parties in reference to the sale of this particular piece of property, from which it is fairly inferable that there was a mutual understanding that the plaintiff was acting as the defendant's agent in making the sale, and that he was to be reasonably compensated therefor. R. F. Koster, one of plaintiff's witnesses, testified in substance, that the defendant employed him to sell the property, but that, as he was not regularly in the real-estate business, he asked the plaintiff to handle it; that the plaintiff put one of his boards on the property, and that, when the defendant asked the witness why the plaintiff had done this, he told the defendant that he had placed the property with plaintiff, and that the plaintiff might as well sell it as anybody; and that afterwards the defendant told him that he had talked with the plaintiff concerning the sale of the lots. The witness further testified that he had two conversations with the defendant after the plaintiff had negotiated the sale. In the first conversation defendant told him of the sale, and instructed him to take his deed to the lots to the plaintiff's office, so that a deed might be drawn. In the second conversation defendant told him that he had concluded not to make the sale; that he had been offered more money by another party; and asked what the commissions of Hiemenz would amount to. In addition to this testimony the plaintiff

testified that he had one or two interviews with defendant concerning the business, and that, about two or three months before the sale, he found a purchaser who was willing to pay $60 per front foot, and he so notified defendant; and that thereupon the defendant came to his office and rejected the bid, stating that he would not sell for less than $65.

There was also evidence of the reasonable value of the plaintiff's services as found by the jury, and also testimony tending to prove that plaintiff was employed by the defendant to write the deed, and that the work was reasonably worth $5.

This evidence we think was sufficient to authorize the submission of the case to the jury.

The defendant also complains of the action of the court in permitting plaintiff to amend his petition. The amendment was only made to make the pleadings correspond with the proof. The cause of action was in nowise changed by the amendment. If the defendant felt that he had been prejudiced by the amendment, he should have filed the necessary affidavit and asked for a continuance of the cause. This was the remedy accorded him by the statute. Having failed to avail himself of it, and having failed to complain of it in his motion for a new trial, he must be presumed to have waived the objection.

Neither did the court commit error in refusing to instruct the jury that, if Koster had any interest in the commissions, there could be no recovery. Plaintiff did the work on his individual account, and if he saw fit to give Koster a portion of his commissions, it in no way concerned the defendant.

For the error in instruction, numbered 2, the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.