J. C. HARTNETT, Appellant, v. JACOB CHRISTOPHER, Respondent.

St. Louis Court of Appeals, January 29, 1895.

Contracts: IMPLIED AGREEMENT FOR COMPENSATION. The mere fact, that one person renders services for another without objection, does not amount to an acceptance of those services with a promise to pay therefor.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*J. C. Terry* for appellant.

There was sufficient evidence of the claim to justify a submission to the jury. *Jackson v. Hardin*, 83 Mo. 173; *Baum v. Fryrears*, 85 Mo. 151; *Sage v. Reeves*, 17 Mo. App. 210. The defendant was estopped from denying the claim for labor done and material furnished by plaintiff, since he not only stood by and saw plaintiff doing the work, and subsequently enjoyed the benefits arising from it, but also ordered plaintiff to go on with it and finish the room. *Scharmore v. Scharmore*, 56 N. W. Rep. 651; *Martin v. Johnson*, 23 Mo. App. 96; *Austin v. Loring*, 63 Mo. 19; *Morton v. Hig-*

*bee,* 38 Mo. App. 472; *Bank of Commerce v. Bernero,* 17 Mo. App. 313; *Forsyth v. Day,* 46 Maine, 313.

*Fisse & Allen* for respondent.

BIGGS, J.—The plaintiff is a plasterer by trade, and he sues the defendant for work done and materials furnished in building a house. At the close of his evidence the court compelled him to submit to a nonsuit, upon the ground that the defendant in the first instance had not ordered the work to be done, and had refused, during the continuance of the work and after its completion, to obligate himself to pay for it.

An inspection of the evidence makes it quite clear that the plaintiff did the work, for which he sued, without a direct request on the part of the defendant. The only question is whether the facts and circumstances, as shown by the plaintiff's evidence, were sufficient to authorize the jury to infer a previous request.

The plaintiff's evidence shows substantially these facts: The defendant entered into a contract with the firm of Anderson & Brothers for the erection of a dwelling house. The plaintiff became a subcontractor for the plastering under the original contractors. The house was to be constructed according to certain plans and specifications. The building contract provided that reference should be had to the plans only for the dimensions of the work. On the plans, one room in the attic was marked unfinished, but the plans called for studding and "furring," which indicated that the room was to be plastered. When the plaintiff was notified by the contractors that the building was ready for the plasterers, he sent a gang of his men to work. They commenced work on the room in the attic, and, when the plaintiff went to the building a few days afterwards, he found that the laths had been put on and the room partly plas-

tered.   He immediately called on the defendant, and represented to him that the plastering of the room was not in his contract or the original contract, and that his men had commenced the work by mistake.   The defendant replied that his contract was with Anderson & Brothers, and not with the plaintiff; that the plastering of the room was included in his contract with Anderson & Brothers as he interpreted it, and that he would insist that the work be done under it.   Thereupon the plaintiff said that he would finish the room, and that he "guessed" that the defendant would pay for it.   In answer to this the defendant reiterated the statement, that he expected and would demand that the work be done under the original contract.  The plaintiff was examined at great length, both by court and counsel, and the above is the sum and substance of his testimony.   He expressly admitted, in answer to a question propounded by the court, that the defendant made no promise to pay for the work.   Under this evidence there could only be a recovery upon the theory of law that, when one renders services for another without objection, such fact amounts to an acceptance of the services with a promise to pay for them.   This is not the law as we decided in the case of *Hiemenz v. Goerger*, 51 Mo. App. 586.

Whether the plastering of the room was included in the contract with Anderson & Brothers is a matter of no consequence.   Conceding that it was not included, the plaintiff should have protected himself by special contract with defendant, or left the work undone.

In our opinion the nonsuit was properly granted, and therefore the judgment will be affirmed.   All the judges concur.