BRANDENBURGER v. EASLEY, *Appellant.*

1. **Justices' Courts:** SUMMONS. Section 2858 of the Revised Statutes of 1879, provides that the summons, issued by a justice of the peace, shall require the defendant to appear not more than seventy-four days from its date, and shall also state the nature of the suit and the sum demanded; *Held*, that a summons dated June 10th, 1879, requiring defendant to appear before the justice on the 23rd day of June, 1880, and containing no statement of the nature of the suit nor of the sum demanded, was a nullity.

2. **This Court** cannot act upon a conjecture that a date appearing in the record is erroneously given.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*A. W. Mullins* for appellant.

*E. R. Stephens* for respondent.

HENRY, J.—This suit originated in a justice's court in Linn county. The writ of summons issued by the justice, is as follows: "State of Missouri, to the constable of Locust Creek township, in the county of Linn, State of Missouri, greeting: We command you to summon George W. Easley to appear before the undersigned, one of the justices of the peace of Locust Creek township, in Linn county aforesaid, on the 23rd day of June, 1880, at ten o'clock in the forenoon, at his office in said township, to answer the complaint of S. Brandenburger and A. Lowenstein, of the firm of S. Brandenburger & Co. Given under my hand, this 10th day of June, 1879. W. P. Menefee, justice of the peace." On which summons a return was made as follows: "I hereby certify that I have executed the within writ by delivering a true copy of the within writ to the within named George W. Easley, the 11th day of June, 1880, in Locust Creek township, Linn county,

Missouri. Marion Boles, constable." Judgment by default was rendered against defendant by the justice on June 23rd, 1880. And on July 2nd, 1880, defendant, by attorney, appeared for the purposes of the motion only and filed his motion to set aside the judgment. This was overruled by the justice and defendant appealed.

In the circuit court the defendant filed his motion to dismiss the suit, which motion is as follows : " Now at this day comes the said defendant and appearing for that purpose only, moves the court to dismiss this suit for the reasons following, to-wit : Because the summons served in this case does not state the nature of the suit or the sum demanded, as required by law." Which motion was overruled by the court and defendant excepted. At the same term of said court and on December 10th, 1880, judgment was rendered against defendant for the sum of $81.05, by default. And on the same day defendant filed his motion to set aside the judgment by default and grant a new trial, for the reasons following : (1) Because the court improperly overruled the motion to dismiss the case made by defendant. (2) Because the judgment was rendered against the defendant without his having such notice thereof as was required by law. (3) Because said summons was not served upon the defendant by any officer authorized by law. (4) Because no summons was served on defendant. The court overruled the motion for new trial and defendant excepted.

Section 2858, R. S. 1879, provides that the summons shall command the constable to summon the defendant to

1. JUSTICES' COURTS: summons. appear before the justice at the time and place named therein, " not less than ten nor more than seventy-four days from the date thereof, to answer the complaint of the plaintiff, stating also the nature of the suit and the sum demanded." It does not appear from the summons whether the suit was on a note or account, or on what cause of action. If on an instrument of writing, purporting to have been executed by the defend-

ant, and the debt or damages claimed may be ascertained from the instrument, the law dispenses with a statement of the cause of action, preliminary to the issuance of the writ, but requires that the writing shall be filed with the justice. § 2852. The statement filed with the justice is not before us, nor does it appear, except in plaintiff's statement of the case in this court that the suit was on a promissory note. Section 2858 requires that, in the summons, the nature of the suit shall be stated. Because the summons required the defendant to appear more than a year after its date, and contained no statement of the nature of the suit, it was a nullity.

There is no suggestion that the summons was, in fact issued on the 10th day of June, 1880, and that it was a clerical error to give it the date it bears. While we might conjecture that this was so, yet we cannot, on mere conjecture, regard the 10th day of June, 1880, as the true date at which the summons was issued.

2. THIS COURT.

The motion to dismiss should have been sustained, and the judgment is reversed and the suit dismissed. All concur.