J. F. LAMB, Respondent, v. J. D. BUSH, Appellant.

St. Louis Court of Appeals, April 19, 1892.

1. Justices' Courts: AMENDMENT OF STATEMENT OF CAUSE OF ACTION. This cause was instituted before a justice of the peace upon an account in favor of the plaintiff and against the defendant, which consisted of the following item: "For work and labor, $129.32." *Held*, that the statement was not a complete nullity, but that it could be amended.

2. ———: DENIAL OF COUNTERCLAIM. In an action before a justice of the peace the plaintiff does not admit a counterclaim, filed by the defendant, by not pleading thereto. In such actions affirmative matter set up by either party is understood to be denied, though no formal denial is filed.

3. Instructions: DRAWING CONCLUSIONS OF FACT. An instruction, which directs the jury to draw a disputable conclusion of fact, is properly refused.

4. Practice, Appellate: EXCEPTIONS TO INSTRUCTIONS. The action of the trial court in giving instructions cannot be reviewed on appeal, when no exception thereto has been saved in the trial court.

5. ———: SPECIFICATION OF MATTER COMPLAINED OF AS ERROR. It is the duty of an appellant to make such a statement of the facts, as will make apparent the relevancy of his assignments of error. In this cause the appellant assigned as error the refusal of an instruction, which directed the jury to disregard all evidence not of a certain character, but failed to point out any evidence to which the instruction could apply, and the assignment was, therefore, disregarded by this court.

6. ———: ———. *Held*, also that an assignment of error in the admission of evidence will be disregarded, when the appellant fails to point out the evidence objected to.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Robt. G. Campbell*, for appellant.

No brief filed for respondent.

THOMPSON, J.—This action was commenced before a justice of the peace on the following statement:

SPRINGFIELD, Mo., March 16, 1888.

*J. D. Bush, Dr. to J. F. Lamb.*

For work and labor ...................... ..............$129 23

H. BROS.,
Attorneys.

In the circuit court the defendant moved to dismiss the action for want of a sufficient statement, whereupon the plaintiff asked and obtained leave to file the following statement:

"Now comes plaintiff and says that the defendant is indebted and owes plaintiff for work and labor done by plaintiff for the defendant from the twenty-sixth day of August, 1887, to the third day of March, 1888, as salesman (expenses to be paid by defendant); that the wages were $30 per month, which amounted to $187.50; that defendant paid $46; that there is a balance yet due, and owing to the plaintiff of $129.50; that the same is still due and owing plaintiff, with interest from demand, March 3, 1888, for which plaintiff asks judgment and costs.    HASELTINE BROS.

"Attorneys for Plaintiff."

The defendant excepted to this ruling of the circuit court, and the propriety of this ruling is the first assignment of error on this appeal. We are of opinion that this ruling was not erroneous. It is undoubtedly the law that, where a statement filed before a justice of the peace is so entirely barren as to state nothing at all, —to amount to a mere nullity,—it is not amendable in the circuit court. *Brashears v. Strock*, 46 Mo. 221; *Dahlgren v. Yocum*, 44 Mo. App. 277. But we are of opinion that the statement of cause of action filed before the justice in this case was not so entirely barren as to cut off the right of amendment in the circuit court under this rule. Undoubtedly, it was a bad statement,

and would not of itself have supported any judgment
for the plaintiff within the ruling of this court in *Rosen-
burg v. Boyd*, 14 Mo. App. 429. In that case the
statement was held bad, and the substantial parts of it
were: "The defendant is justly indebted to them
(plaintiffs) in the sum of $162.56 for money had and
received heretofore on the —— day of ——, 1882."
This was a statement to the effect, that the plaintiffs
demanded judgment of the defendant in the sum of
$162.50 for money had and received some time during
the year 1882. But while we held that that statement
was insufficient to support a judgment for the plaintiffs,
we did not hold that it was insufficient in such a sense as
not to be amendable in the circuit court. In *Brashears
v. Strock, supra*, the statement which was held so bad
as not to be amendable was as follows: "M. F. Strock
(and the other defendants, naming them), to Richard
Brashears, $50. To fifty dollars." That was no
more than a statement that the plaintiff demanded of
the defendants the sum of $50; but why, how, where-
fore, on what account, was not stated. The court held
that that was no statement, and that it was so barren of
any element of a statement as not to be amendable. In
*Swartz v. Nicholson*, 65 Mo. 508, the statement was:
"C. S. Nicholson, debtor, to Marion Swartz, $14."
This was just as barren as the statement in the preced-
ing case, and on the authority of that case the supreme
court held it not amendable.

Neither of these cases is authority for the proposi-
tion, that the present statement is so barren as not to be
amendable. It is: "J. D. Bush, Dr., to J. F. Lamb,
for work and labor, $129.32." The meaning of this is
that the plaintiff claims of the defendant the sum of
$129.32, for work and labor performed by the plaintiff
for the defendant. That is the natural interpretation
of it; and, hence, it does state, though meagerly and

indefinitely, the cause of action for which the plaintiff sues. In *Penninger v. Reilley*, 44 Mo. App. 255, the substantial part of the statement was: "That the defendants, James Reilley & Co., on the thirteenth day of July, 1887, were indebted to the plaintiff in the sum of $131.35, for money then and there had and received by said defendants for the use and benefit of the plaintiff, which said sum is still due and wholly unpaid, for which plaintiff asks judgment." An analysis of this statement will show that, while it contains a little more verbiage, it is not more definite than the statement in the case before us; and yet we held that statement sufficient without amendment. That decision is a precedent for the conclusion, that the statement before us was at least amendable. If we were to hold that such a statement is not amendable, it would be tantamount to holding that no statement is amendable, except those statements which are definite enough to be good without amendment—which would be absurd and would defeat the policy of the statute.

The defendant filed in the circuit court an amended counterclaim, setting up a great many items of charges against the plaintiff, and striking a balance claimed to be due to the defendant from the plaintiff. There was no traverse to this counterclaim, and it is now urged that for this reason it should have been taken as confessed. We do not think this a sound view. This was an action commenced before a justice of the peace, and in such actions the rules of pleading applicable to actions commenced in courts of record do not apply. In such actions it is not usual for either party to file a defensive pleading, but affirmative matter set up by either party is understood as being denied without the formality of filing a denial.

Error is assigned on the giving of instructions on behalf of the plaintiff; but, as no exceptions were noted

to the giving of those instructions, they must be laid out of view.

Complaint is next made of the refusal of the following. instruction requested by the defendant: "The court instructs the jury that, if you find from the evidence that J. D. Bush, defendant, employed J. F. Lamb, plaintiff, on May 22, 1887, on a commission, and that they had no final settlement; and that, on August 26, 1887, they changed their contract, and defendant employed plaintiff for three months at $30 per month; and that, at the end of the said three months, plaintiff continued to keep the property of defendant out, he is not thereby entitled to wages. And if you find that J. D. Bush ordered J. F. Lamb, plaintiff, to report to him, and to turn in team at one Spangler's in December, then plaintiff cannot recover for any labor thereafter; but you will find for the defendant for all the time after the date you shall find that he ordered the team to be wintered at Spangler's." The defendant had given evidence tending to support the hypothesis of fact embodied in this instruction; but, nevertheless, we think that the court committed no error in refusing to give this instruction, for the reason that to give it would have been to charge the jury upon questions of fact,—in other words for the court to draw conclusions of fact. Although the plaintiff may have employed the defendant on August 26, 1887, for only three months at $30 per month, yet it would not necessarily follow as a conclusion of fact that the mere fact of the plaintiff continuing to keep the property of the defendant after the expiration of that time would prevent him from recovering wages; the circumstances might be such as to imply a renewal or extension of the contract of hiring. Nor would the fact, that the plaintiff ordered the defendant to report to him, and to turn in the team at Spangler's in December, necessarily disentitle the plain-

tiff to recover wages for any subsequent time, unless the command was disobeyed, and the disobedience was tantamount to a discharge of the plaintiff from the services of the defendant. The defendant got the benefit of the correct applicatory principle of law in the following instruction, which the court gave at the defendant's request: "The court instructs the jury that the plaintiff cannot (*sic*) recover wages only for the three months from August 26, 1887, and to the time thereafter he was ordered to quit work by defendant, if you find he was ordered to quit; and he is chargeable with all mills which went into his hands, and for which you may find from the evidence he has not accounted properly, as well as all wheat and oats; and you will consider the proof as to them in making up your verdict." We, therefore, see no prejudicial error in refusing the former instruction.

Error is also assigned on the refusal of the circuit court to give the following instruction requested by the defendant: "The court instructs the jury that this is an action for labor, and all evidence of any charges by the plaintiff against defendant, except for labor as a clerk or salesman at $30 per month is not to be considered by you in making up your verdict." The defendant has failed to make the relevancy of this instruction appear. He has failed to state that the plaintiff gave any evidence of any charges against the defendant outside of his wages at $30 per month for the period of six months and one week, amounting to $187.50. We have not only been sent to the record to get this instruction, but we are expected to go to the record to find out whether any evidence was given by the plaintiff such as ought to have been excluded by such an instruction, having regard to the statement of case in plaintiff's amended statement. It is the duty of an appellant to make such a statement of facts, as will make the rele-

vancy of his assignments of error appear; and, as no such statement is made in this case, we overrule this assignment of error.

The defendant also argues that the, judgment should be reversed for the error of admitting illegal testimony, but he nowhere points out what that testimony was.

We discover no prejudicial error in the record, and the judgment is, therefore, affirmed. All the judges concur.