J. W. REINHARDT, Appellant, v. CHARLES W. VARNEY
*et al.*, Defendants; FREDERICK
C. KEMPF, Respondent.

St. Louis Court of Appeals, December 21, 1897.

1. **Service:** NOTICE OF PENDENCY OF SUIT: SUFFICIENCY: JUDGMENT. A notice, issued by a justice and served on defendant, merely advising him that a suit in which he was named as defendant would be tried before the justice on a certain day, was not a summons as required by statute, which provides that a summons shall contain a statement "of the nature of the suit, and the sum demanded" (R. S. 1889, sec. 6145); and a judgment rendered on such notice was void. *Brandenburger, v. Easley*, 78 Mo. 659. *Thompson v. R. R.*, 110 Mo. 147, and *Leonard v. Sparks*, 117 *Id.* 103, distinguished.

2. **Justice's Court:** VOID JUDGMENT: APPEAL: JURISDICTION. On appeal from a void judgment of a justice of the peace, the circuit court acquires no jurisdiction.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*B. Schnurmacher* for appellant.

*J. E. McKeighan* and *Robert A. Holland, Jr.*, for respondent.

Before a justice of the peace, a party can be brought into court only by service of summons, or by voluntary appearance, and the summons must state the nature of the suit and the sum demanded; otherwise it is void. R. S. 1889, sec. 6145; *Brandenburger v. Easley*, 78 Mo. 569; *Hill v. Ore & Steel Co.*, 90 *Id.* 103; *Sanders v. Rains*, 10 *Id.* 770.

Where the justice has no jurisdiction, the circuit court can acquire none on appeal. *Planing Mill v. Short*, 58 Mo. App. 320; *Batchelor v. Bess*, 22 Mo. 403; *Ins. Co. v. Foster*, 56 Mo. App. 197; *Hodges v. Runyan*, 30 Mo. 491.

BIGGS, J.—This is an action by a subcontractor to enforce a mechanic's lien. The suit was instituted on the fifth day of December, 1896, before Justice Zimmermann. It was alleged in the complaint that the defendant Varney was the original contractor and that plaintiff contracted with him to do the work; that the defendant Kempf was the owner of the property and that the other defendants were encumbrancers. The justice issued a summons for all the defendants, which was returned executed as to all except Varney, who could not be found. The case was passed from day to day, but no further effort was made to secure service on Varney. On February 4, 1897, the defendant Kempf applied for a change of venue from Zim-

mermann, which was granted. The papers were sent to Justice Sommers. After the papers had reached the office of Sommers, to wit, on February 9, he issued notice to all the defendants (R. S. 1889, sec. 6242) to appear before him for trial on February 26. On February 11, these notices were served on all of the defendants, including Varney. At the appointed time the plaintiff and the defendant Kempf appeared for trial before Sommers. The other defendants failed to appear. The case was thereupon tried, resulting in a judgment against Varney for the debt, and enforcing the lien against the property. Kempf appealed. In the circuit court the plaintiff introduced evidence which tended to prove his debt and the validity of the mechanic's lien. Kempf introduced no testimony. The circuit court decided the case in favor of Kempf, on the ground that the transcript of the justice failed to show that Varney was served with a summons. The plaintiff has appealed.

It is conceded that a judgment enforcing a mechanic's lien in favor of a subcontractor is but an incident to a judgment in his favor for the debt against the person with whom he contracted. This is in conformity with the decisions (*Johnson v. Schuler*, 49 Mo. App. 198), and the statute which provides that the parties to the contract *shall* be made parties. (R. S. 1889, sec. 6713.) It follows, therefore, that the judgment of the circuit court must be affirmed if the justice's judgment against Varney is invalid. Under the view which we take of the case, the question suggested is the only one we need discuss. We doubt whether Justice Zimmermann had authority to entertain the application for a change of venue. After the return of the constable as to Varney, did Zimmermann have any authority to make any order in the case except for the purpose of acquiring jurisdiction over

Varney? The principle was declared in the case of *Ewing v. Donnelly*, 20 Mo. App. 8, that a justice of the peace had no jurisdiction to entertain a suit to enforce a mechanic's lien "until the prerequisite conditions to confer such jurisdiction upon him" had been complied with. Under this rule it might very well be argued that the right of the justice to grant a change of venue could not exist until Varney was brought into the case, either by being personally served with summons, or upon an order of publication (R. S. 1889, secs. 6162 and 6163). Beside, Kempf was not required to answer until this was done, and until *his* property rights were in jeopardy it would seem he ought not to interfere. But counsel on both sides have presented the case upon the theory that the change of venue was properly granted. Hence we will discuss the case from that standpoint.

It is conceded by appellant that Varney was not served by summons. The only process served on him was a notice issued by Justice Sommers, notifying him that the case was set for trial on February 26. It is claimed by appellant that the service of that notice was sufficient to notify Varney of the institution of this suit, and to compel his appearance. We can not agree to this. The statute requires that a summons shall contain a statement "of the nature of the suit and the sum demanded" (R. S. 1889, sec. 6145), whereas the notice which was served on Varney merely advised him that a suit in which he was named as a defendant would be tried before Justice Sommers on a certain day. In the case of *Brandenburger v. Easley*, 78 Mo. 659, it was held that a justice's summons which contained no statement of the nature of the suit nor of the sum demanded was a nullity, and hence would not authorize a judgment. Counsel for appellant rely on the case of

SERVICE: notice of pendency of suit: sufficiency: judgment.

*Thompson v. R. R.*, 110 Mo. 147, and *Leonard v. Sparks*, 117 Mo. 103, as asserting a contrary doctrine. The distinction in the cases is between the effect of a judgment resting on void process, and on process originally valid, but defectively or irregularly served. If Justice Sommers rightfully acquired jurisdiction of the cause, he might have issued a summons for Varney. The statute provides that "the justice to whom the cause is sent shall, when he becomes possessed of the cause, forthwith proceed with the same *in like manner as if it had been originally commenced before him*, etc." (Sec. 6142, *supra.*) This would seem to authorize a justice to whom a cause had been sent by change of venue, to issue a summons or order other lawful process for the defendants who had not been previously served. In this way only could Justice Sommers have acquired jurisdiction over Varney except upon his voluntary appearance.

Our conclusion is that the circuit court was right in its judgment. The judgment of the justice against Varney was void, as well as that enforcing the lien, which deprived the circuit court of all jurisdiction in the case. The rule is well settled that in cases appealed from justices of the peace the jurisdiction of the appellate court is derivative, and if the justice acted without jurisdiction, the appellate court will acquire none on appeal. With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered. All concur.

JUSTICE'S COURT: void judgment: appeal: jurisdiction.