B. ADLER & CO., Respondents, v. ST. LOUIS & SAN
    FRANCISCO RAILROAD COMPANY, Appel-
    lant.

### Kansas City Court of Appeals, March 6, 1905.

1. **JUSTICES' COURTS:** Statement: Amendment: Departure.
   A suit against the defendant company was for goods sold and
   delivered on an ordinary billhead of the plaintiff, on the back
   of which was indorsed "Damages for injury to goods in transit
   as per statement hereto attached." The summons was to an-
   swer a complaint founded on a petition for damages. The
   amendment in the circuit court was a claim against
   defendant as a common carrier for damages to goods in transit.
   *Held,* the indorsement on the back of the account could not
   vary or contradict it and the amendment was a substitution of
   another cause of action.

2. ——: ——: ——: Intention. The intention of the pleader
   must be ascertained from the contents of the pleading.

3. ——: ——: ——: ——. Section 3853, Revised Stat-
   utes 1899, refers to the amendment to a defective or insufficient
   statement and can have no application to a properly stated
   cause of action.

4. ——: ——: ——: Pleading. Pleadings in justices'
   courts are to be liberally construed but not so as to substitute
   one cause of action for another.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

REVERSED.

*Pratt, Dana & Black* for appellant.

(1) The plaintiffs' so-called amended petition first filed in the circuit court stated an entirely new and different cause of action from the statement of account filed in the justice court and tried there, and the circuit court erred in not striking it out on defendant's motion and in trying the issues made thereby over defendant's objection. R. S. 1899, secs. 3852, 4077 and 4079; Thieman v. Goodnight, 17 Mo. App. 429; Brennan v. McMenamy, 78 Mo. App. 122; Powell v. Shipps, 85 Mo. App. 467; Evans v. Railroad, 67 Mo. App. 260. (2) It was a case not of amendment, but of substituting a radically different cause of action. Sturges v. Botts, 24 Mo. App. 282; Jackson v. Fulton, 87 Mo. App. 238; Ross v. Land Co., 162 Mo. 329. (3) Nor can plaintiffs escape by claiming that the cause of action should be determined from the "back"—the indorsement upon the outside fold of the statement of account filed before the justice—instead of the inside or "face" of that statement. Heimburger v. Harrison, 83 Mo. App. 548.

*Lathrop, Morrow, Fox & Moore* for respondents.

(1) Pleadings before justices should be liberally construed, and much liberality is allowed in construing acts of the parties as well as of the justices themselves. Amendments are allowed to include any cause of action intended to be embraced in the original statement when such amendment will promote substantial justice. Mooney v. Williams, 15 Mo. 442; Weese v. Brown, 102

Mo. 299; White v. Railroad, 92 Mo. 542; Manley v. Mfg. Co., 103 Mo. App. 135; McDermott v. Dwyer, 91 Mo. App. 185; Randall v. Lee, 68 Mo. App. 561; Horton v. Toenboehn, 68 Mo. App. 42; Lemon v. Lloyd, 46 Mo. App. 452; Forbes v. Shellabarger, 50 Mo. 558; Quinn v. Stout, 31 Mo. 160; McCartney v. Auer, 50 Mo. 395; Bradley v. Sweiger, 61 Mo. App. 419; Freet v. Railroad, 63 Mo. App. 548; Norton v. Railroad, 48 Mo. App. 387; Rowe v. Scheitz, 74 Mo. App. 602; Jackson v. Fulton, 87 Mo. App. 228; Lamb v. Bush, 49 Mo. App. 337; Hemans v. Fanning, 33 Mo. App. 50; Cameron v. Hart, 57 Mo. App. 142.   (2)   The statement lodged with the justice was sufficient to reasonably advise the opposite party of the nature of plaintiff's claim, and was sufficiently specific to be a bar to another cause of action. Force v. Squier, 133 Mo. 306; Van Cleave v. St. Louis, 159 Mo. 574; Weese v. Brown, 102 Mo. 299; Buschmann v. Bray, 68 Mo. App. 8; Calmes v. Haight, 85 Mo. App. 362; Lord v. Koenig, 7 Mo. App. 453; Butts v. Phelps, 90 Mo. 670; Nutter v. Houston, 42 Mo. App. 363; Leas v. Express Co., 45 Mo. App. 598; Witting v. Railroad, 101 Mo. 631; Gibbs v. Railroad, 11 Mo. App. 459; Lustig v. Cohen, 44 Mo. App. 271; Johnson v. Kahn, 97 Mo. App. 628; Walker v. Guthrie, 102 Mo. App. 420.   (3) The summons served upon defendant correctly advised it of the cause of action it was called upon to defend. That cause of action was tried before the justice, defendant waived any right to question the sufficiency of the statement of the case tried by its appeal, and the same cause of action was tried in the circuit court on the amended petition as was tried before the justice. R. S. 1899, secs. 3859, 4060; Damhorst v. Railroad, 32 Mo. App. 350; Fond du Lac v. Bonesteel, 22 Wis. 251; Jeffrey v. Underwood, 1 Ark. 108; Baslett v. Mfg. Co., 83 Mo. App. 78; Goldsmith v. Candy Co., 85 Mo. App. 595; Meyer v. Ins. Co., 92 Mo. App. 392; Winer v. Maness, 94 Mo. App. 162.

BROADDUS, P. J.—This suit was begun in a justice's court where judgment was rendered against the defendant by default, from which it appealed to the circuit court where it was tried anew, and where plaintiff again prevailed, and defendant again appealed. The suit, as originally instituted before the justice, was upon a statement in the form of an account which upon its face showed that it was for goods sold and delivered. In the circuit court plaintiffs were allowed to amend their statement making it a claim against the defendant as a common carrier for damages to goods while in transit. The defendant objected to the amendment on the ground that it was a substitute of one cause of action for another. The original account was made out on one of the billheads of the plaintiff and is headed as follows:

"St. Louis & San Francisco R. R.
"Bought of B. Adler & Co., Wholesale Millinery."
Then follows terms upon which goods were sold by plaintiffs and other matters, such as the number of their place of business, etc.; and then the different items of the account and the price of each. On the back of the paper is indorsed the style of the case, under which is written the words: "Damages for injury to goods in transit as per statement hereto attached $50." The summons to defendant is, to answer the complaint of plaintiffs founded upon a petition for damages.

The contention of plaintiffs is that defendant was sufficiently notified by said indorsement upon the account filed and by the recitation in the summons, of the cause of action it was required to answer. That is certainly true, but it does not necessarily follow that the parties are concluded thereby, otherwise plaintiffs might be compelled to try their case upon a cause of action they did not have. It is true, too, that section 3859, Revised Statutes 1899, provides that the summons

shall state the nature of plaintiff's suit and the sum demanded. And it is held that a summons that fails to make such statement is void. [Reinhardt v. Kempf, 72 Mo. App. 646; Bradenburger v. Easley, 78 Mo. 659.] It needs no argument to refute the idea that an indorsement on the back of a pleading could have the effect of varying or contradicting the pleading itself. The indorsement may have been made by some person other than the pleader. In this instance it appears to have been made by the justice, as it resembles his handwriting.

Plaintiffs contend that they had the right to amend their statement, as it appears that their intention was to sue defendant as a common carrier and not for goods sold. The intention of the pleader must be ascertained from the contents of the pleading, and there is a wide difference between a cause of action for goods sold and one against a common carrier for goods damaged in transit.

Plaintiffs, however, insist that they had the right to amend under section 3853, idem. Said section refers to the amendment of defective or insufficient statements. The statement here was not defective or insufficient. It properly stated a good cause of action, consequently said section has no application.

Many authorities are cited to the effect that the law governing practice in justices' courts should be liberally construed, but none have been found authorizing an amendment substituting one cause of action for another. On the contrary, all the decisions of the State hold that it cannot be done.

For the reason given the cause is reversed. All concur.