# E. C. PHARES, Respondent, v. THE JAYNES LUMBER COMPANY, Appellant.

### Kansas City Court of Appeals, June 4, 1906.

1. **JUSTICES' COURTS: Pleading: Statement: Amendment.** A statement before a justice set out in the opinion is held to state a cause of action, and an amended statement based thereon is held also to state the same cause of action, since both statements call for proof of the same elemental facts and great liberality is allowed for the interpretation of statements in justices' courts. Cases distinguished.

2. **Sales: Rescission: Remedies.** The purchaser, when the goods are inferior to those bought, has the option to stand by the contract and accept the goods and sue for damages sustained or to rescind the same and refuse to take the goods and sue for the money paid or expense incurred; and the fact that part of the goods complied with the contract will not prevent a rescission.

3. ———: ———: **Notification: Status Quo: Inspection.** Where the purchaser rescinds the contract of sale he should restore the *status quo* by returning or tending to the vendor at the place of delivery the property received under the contract; and on reviewing the evidence it is held that the purchaser of certain lumber complied with this rule, although he did not replace the lumber in the car, but left it in the yard since it had to be unloaded to be inspected.

4. ———: ———: **Measure of Damages.** Where the purchaser rescinds the contract he may sue for the money laid out and expenses incurred in and about the contract, such as freight, drayage, inspection and storage, but he cannot recover for damages sustained by reason of the seller's violating the contract, since his rescission releases all such damages.

Appeal from Pettis County Circuit Court.—*Hon. Louis Hoffman,* Judge.

REVERSED AND REMANDED.

*A. L. Shortridge* for appellants.

(1) The pretended statement of plaintiff's cause of action was and is insufficient to confer jurisdiction, or to advise the defendants of the nature of the charge against them. Weese v. Brown, 28 Mo. 521; McCary v. Good, 74 Mo. App. 425; Drug Co. v. Johnson, 80 Mo. App. 428. (2) The original paper filed with the justice was about as near no statement as could well be made. As the statement was a nullity there was nothing to amend. Brashears v. Strock, 46 Mo. 221; Sidway v. Live Stock Co., 163 Mo. 373; Lamb v. Bush, 49 Mo. App. 338; Nenno v. Railroad, 105 Mo. App. 551. (3) An amendment of a statement filed before a justice of the peace, will only be permitted on appeal to the circuit court when such amendment has not the effect of changing the cause of action. Brennan v. McMenamy, 78 Mo. App. 122; Sturges v. Botts, 24 Mo. App. 282; Powell v. Shipps, 85 Mo. App. 468; Scovill v. Glasmer, 79 Mo. 452; Adler & Co. v. Railroad, 110 Mo. App. 342. (4) The rule is, that a party desiring to rescind a contract must tender back whatever of value he has received and place the other contracting party *in statu quo;* otherwise the contract will not be rescinded. Robinson v. Siple, 129 Mo. 220; Hammond v. Pennock, 61 N. Y. 153; Masson v. Bovet, 1 Denio 69; Banking Co. v. Ins. Co., 75 Mo. App. 316; Miller v. Crigler, 83 Mo. App. 401; Girard v. Car Co., 123 Mo. 387, 388; Beal v. Machine Co., 84 Mo. App. 544; Estes v. Reynolds, 75 Mo. 565; 2 Parson on Contracts (7 Ed.), bottom paging 811, 812, 813, 814 and note; Feld v. Investment Co., 123 Mo. 615; Morrison, McIntosh & Co. v. Leiser, 73 Mo. App. 99; Cahn v. Reid, 18 Mo. App. 122; Manley v. Novelty

Co., 103 Mo. App. 139; Skeen v. Engine Co., 34 Mo. App. 494; Tiedeman on Sales, sec. 163; Perley v. Balch, 23 Pick. 283; Zuck v. Carriage Co., 106 Mo. App. 566; Culbertson v. Young, 86 Mo. App. 283; Tower v. Pauly, 51 Mo. App. 89; McNealy v. Baldridge, 106 Mo. App. 18; Smith v. Cander, 85 Mo. App. 36; Brewing Association v. McEnroe, 80 Mo. App. 429; Benjamin on Sales, sec. 888 and note; Retzer v. Packing Co., 58 Mo. App. 270; Kirk v. Seeley, 63 Mo. App. 266; Jarrett v. Morton, 44 Mo. 278; Branson v. Turner, 77 Mo. 494; Donovan v. McDermott, 108 Mo. App. 538; Milton v. Smith, 65 Mo. 324; Shultz v. Christman, 6 Mo. App. 343; Walsh v. Hyatt, 68 N. E. 1125; Publishing Co. v. Hull, 81 Mo. App. 277; Norton v. Young, 8 Green 130; Johnson v. Whitman, 20 Mo. App. 102; Heiman v. Mercantile Co., 106 Mo. App. 438; Benj. on Sales (4 Am. Ed.), sec. 620, p. 542; Grant v. Law, 29 Wis. 99. (5)  If a party returns the property within a reasonable time and offers to rescind the contract the measure of his damages would be the amount paid the defendant on the contract.  Spangler v. Kite, 47 Mo. App. 230; Benj. on Sales, sec. 148.

*Bente & Wilson* for respondent.

(1)  The first statement filed by the respondent, E. C. Phares, was ample and sufficient.  It certainly notified the defendant of the kind and character of the plaintiff's demand.  Maxwell v. Quimby, 90 Mo. App. 469; Hubble v. Coinet & Parker, 83 Mo. App. 455; Terti v. Ins. Co., 76 Mo. App. 42.  (2)  Said statement was certainly capable of amendment and certainly fell within R. S. 1899, secs. 3957, 4079; Maxwell v. Quimby, 90 Mo. App. 469; Carson v. Waller, 104 Mo. App. 627; Fidelity & Guaranty Co. v. Feed Co., 100 Mo. App. 728.  (3)  A cause of action or statement may be amended in the appellate court to supply deficiencies or omissions so as to conform to the facts R. S. 1899, sec. 4079; Carson v.

Waller, 104 Mo. App. 621, 626; Fidelity & Guaranty Co., v. Feed Co., 100 Mo. App. 728; Heman v. Fanning, 33 Mo. App. 50; Daniels v. Atkins, 66 Mo. App. 332; Dowdy v. Wamble, 110 Mo. 280; R. S. 1899, sec. 3957; Maxwell v. Quimby, 90 Mo. App. 469; Grain Co. v. Brubaker & Co., 89 Mo. App. 1. (4) A vendee is under no obligations to receive the inferior part of a large purchase of goods, but is entitled to the delivery of the whole as he purchased it. Rush v. Fisher, 85 Mo. App. 1; Schermerhorn v. Herold, 81 Mo. App. 466; Gill v. Reed, 55 Mo. App. 246; Calhoun v. Paule, 26 Mo. App. 274; Evans v. Stone Co., 81 Mo. App. 63. (5) The contract of sale becomes executed between vendor and vendee, not upon the delivery of the chattel to the vendee but upon its acceptance by him. And the receipt of a chattel by a vendee is not necessarily equivalent to its acceptance by him. Calhoun v. Paule, 26 Mo. App. 274. (6) Where the purchaser rejects goods because of their inferior quality, he may recover back what he had paid in advance if anything. Grain Co. v. Brubaker & Co., 89 Mo. App. 10.

JOHNSON, J.—This suit originated before a justice of the peace. A trial in the circuit court resulted in a judgment for plaintiff and defendants appealed.

Plaintiff, a lumber dealer at Sedalia, ordered a car of lumber of defendants, wholesale dealers doing business in Minneapolis under the name of Jaynes Lumber Co., and in the order specified the classes, quality and dimensions of the material desired. The order was accepted, but it happened that defendants were not able to fill it out of their own stock and in turn ordered it of another wholesale dealer in Chicago with directions for direct shipment to plaintiff. By mistake, the Chicago dealer (on June 16, 1904) mailed an invoice of the purchase to plaintiff, who received it before the arrival of the car at Sedalia. This invoice advised plaintiff that a large portion of the lumber shipped was inferior

in quality and value to that ordered and much of it of different and less valuable and salable dimensions. Under the same date, June 16, defendants also mailed plaintiff an invoice at Minneapolis showing full compliance with the requirements of the order. The lumber reached Sedalia (so plaintiff testified) on June 17 in C. B. & Q. car No. 29393.

The letters and telegrams forwarded by plaintiff to defendants and the Chicago dealer in the ensuing correspondence are not before us, but those received by plaintiff from both dealers, that are in evidence, are quite convincing that plaintiff, acting on the information derived from the Chicago invoice, advised defendants even before he had an opportunity to inspect the lumber that it would not be accepted if it failed to meet the specifications of the order. On June 24, the Chicago dealer wrote plaintiff stating its invoice had been sent him by mistake and requesting its return. June 30 defendant telegraphed plaintiff: "Report from mill indicates misunderstanding regarding siding, inspect and report." Plaintiff, we think, properly construed this as a direction for him to pay the freight charges (the sale was made f. o. b. car at Sedalia) and unload the lumber, for it could not be inspected in the car and could not be unloaded without payment of the freight. On July 5 defendants wrote plaintiff a letter, from which we quote: "You say if you received D & C (descriptions of quality) instead of C & B. that you will refuse the car. Now, this is not a business proposition on your part. You ordered C and, if you got C, that is all you can ask. If we shipped you D, that stock is ours, not yours, and we propose to throw it back upon the shipper. If, upon inspection, you find you did not receive what you ordered, we will proceed to deliver you the amount of B. Sdg. that you want, but first it is important that you ascertain what really was shipped. . . . We do not ask you to accept anything other than you ordered, but we must insist upon your taking what you did order

allowing us to complete the shipment if you find same is not as ordered."

The lumber, on inspection, was found to be deficient in the respects disclosed by the Chicago invoice. Plaintiff testified without objection: "I unloaded the lumber and saw the condition that it was in and piled it up in the yard and notified the Jaynes Lumber Co. that the car was here subject to their orders; that I had paid $103 freight on it and asked them to send me a draft for it, as the car belonged to them."

On September 5 plaintiff mailed to defendant this letter: "I have to-day bought a car of W.P. lumber to take the place of the one I bought from you. I have lost all the bills I can afford to on account of not having W. P. lbr. I want you to get the car of lbr. out of my way and I will charge you storage on same for time its left in yard and from time it was unloaded." No attention was paid to this letter and on October 1 plaintiff brought this suit upon the following statement:

"Sedalia, Mo., Sep. 30, 1904.

"JAYNES LUMBER CO.

Bought of E. C. PHARES,

Dealer in

Lumber, Lath, Shingles, Lime, Hair, Cement.

Building Material of all Kinds, Roofing and Building Paper.

Corner Main and Massachusetts Streets.

Car No. ———

| Date | Pieces or feet | Description | Feet | Price | Dr. | Cr. |
|---|---|---|---|---|---|---|
| July 11 | To Frt. Car No. 29393 | | | $103.00 | | |
| | Unloading | " | | 6.00 | | |
| | Inspection | " | | 10.00 | | |
| | Storage | " | | 50.00 | | |
| | Damages | | | 81.00 | | |
| | | | | $250.00 | | |

F. N. JAYNES and
M. L. JAYNES,

Copartners doing business under the style and firm name of the Jaynes Lumber Co."

Defendants, being non-residents of this State, plaintiff caused a writ of attachment to be issued and levied upon the lumber, which then was piled in his yard. No plea in abatement was filed. Defendants, by motion to dismiss, attacked the sufficiency of plaintiff's statement, whereupon plaintiff, over objection, was permitted to file an amended statement, which embodied the same items more fully detailed than in the original. Defendants moved to strike out the amended statement on the grounds that it did not state a cause of action and "that the pretended statement, upon which this suit was originally instituted, is a nullity and not subject to amendment. The motion was overruled and defendants made a general appearance at the trial on the merits. The verdict was for $181.25.

The cause of action asserted by plaintiff and submitted by the court in the instructions given is made dependent upon the right of plaintiff to rescind the contract under the facts disclosed and his exercise thereof in a proper manner and within a reasonable time after the opportunity for an inspection of the lumber was afforded him.

So clearly is a cause of action stated in the amended statement, on which the case was tried, that we do not deem it necessary to discuss the subject of the sufficiency of that pleading. But defendants insist: first, that the original statement fails so completely to state a cause of action that it cannot support an amended statement; and second, should the first statement be held sufficient for the purpose of amendment, nevertheless the action must fail for the reason that the cause of action asserted in the amended statement is entirely different from that first stated in this respect. The action when

brought was founded upon an account for items bought of plaintiff by defendants, while the cause pleaded in the amended statement is for the recovery of damages sustained in consequence of defendants' breach of contract.

The statement first filed with the justice was written on a printed form plaintiff used in making out bills against his customers and in the printed matter are the words, "Bought of E. C. Phares." But the items themselves, though very meagerly and defectively stated, show their connection with this particular car of lumber and indicate the true nature of the claim asserted. A defective statement may yet be sufficient to support an amendment. Had no objection been made to this defective statement and had plaintiff recovered judgment thereon, it cannot be doubted that such judgment would have been a bar to a recovery in another action based on the cause now before us. Obviously, both statements call for proof of the same elemental facts. Great liberality must be observed in the interpretation of statements filed in justice's courts and the test we have applied is enough to dispose of this branch of the case adversely to the contention of defendants. The defective statement contains enough to support an amendment and both statements assert the same cause of action. [Keene v. Sappington, 90 S. W. 752, 115 Mo. App. 33; Brashears v. Strock, 46 Mo. 221; Maxwell v. Quimby, 90 Mo. App. 469; Lamb v. Bush, 49 Mo. App. 337; Corson v. Waller, 104 Mo. App. 621; Weese v. Brown, 102 Mo. 299.] There is nothing in Adler v. Railroad, 110 Mo. App. 339, in conflict with our present conclusion. There, the statement filed not only was in form an account for goods sold and delivered, but the items themselves indicated nothing to the contrary. We held the statement was neither defective nor insufficient, but stated a good cause of action upon an account and could not be amended by the substitution of a cause arising in tort. The essential distinction between that case and this is apparent.

It is argued the action must fail because plaintiff

fell short in these particulars in the performance of the duty imposed on him as a prerequisite to the rescission of the contract. He did not tender the lumber to defendants at the place of delivery specified in the contract, nor did he notify defendants within a reasonable time after inspection of his election to rescind.

On the discovery that the lumber delivered was in part inferior in quality and different in dimensions to that ordered, plaintiff had the option, either to stand by the contract, accept the lumber and sue at law for the recovery of the damages sustained by him on account of defendants' breach of contract, or to rescind the sale, refuse to accept the lumber and sue for the recovery of money paid or expense incurred on account of the contract. [Little Rock Grain Co. v. Brubaker, 89 Mo. App. 10; Branson v. Turner, 77 Mo. 489; Johnson v. Whitman, 20 Mo. App. 100; Calhoun v. Paule, 26 Mo. App. 274.] The fact that a part of the lumber was of the kind ordered did not deprive him of his right to rescind, for defendants' breach of contract with respect to a material portion gave him the right to reject the whole. He could not accept the contract in part and rescind it in part. [Estes v. Reynolds, 75 Mo. 563; Tower v. Pauly, 51 Mo. App. 75; Kirk v. Seeley, 63 Mo. App. 262.]

When plaintiff discovered from the Chicago invoice that his order had not been properly filled, he at once notified defendants that he would not accept the car. Immediately after the inspection, he notified them that he held the lumber subject to their order and requested them to send him a draft for the amount of the freight charges he had paid, and then on September 5 he again notified them "to get the car of lumber out of my way" and added that he expected to charge them storage. We do not see how plaintiff could have expressed his election to rescind in stronger or more unqualified or unequivocal terms. That defendants thoroughly understood his position is made manifest in their letter of July 5, wherein they endeavor to dissuade him from

his avowed determination to rescind. So that, in the evidence before us, we find a reiterated declaration from plaintiff that he would not stand by the contract, beginning before inspection, repeated immediately thereafter and ending in his letter of September 5. He certainly acted with reasonable promptness in making known to defendants his election to rescind.

As to the sufficiency of plaintiff's tender of the lumber, it may be conceded that the aggrieved party must restore the *status quo* by returning or tendering to the vendor at the place of delivery all property received by him under the contract of sale, and this plaintiff did. It is true the order called for delivery of the lumber on board cars at Sedalia, but in directing plaintiff to inspect and report upon its condition defendants understood that it would have to be unloaded from the car and hauled to a place where it could be properly cared for and, indeed, must have intended that plaintiff should do exactly as he did—take it to his own yard where it could be properly preserved in case plaintiff on inspection persisted in his refusal to accept it. By this direction, defendants may be said to have changed the place of delivery to plaintiff's yard, themselves, with the consent of plaintiff. We are of the opinion plaintiff offered to restore the *status quo* when he notified defendant that without condition he held the lumber "subject to their order." He was not required to reload it in a car and make the tender there.

Passing to the subject of the measure of plaintiff's right to a recovery, the rule applicable to cases of this character is thus stated in Sedgwick on Damages, sec. 754: "Parties can only rescind a contract by annulling it or withdrawing themselves from it altogether, in which case it is as if it had never been made. In such an event, it would seem that, properly speaking, damages for a breach should not be allowed: the plaintiff should recover, not on the basis of the contract, but as if no contract had been made." Defendants' breach

of the contract made it voidable at the option of plaintiff and, when plaintiff exercised his election to rescind, the effect of his action was to annul the contract — to make it void from the beginning. [Cahn v. Reid, 18 Mo. App. 115.] The title to the lumber remained in the defendants; it was their property and plaintiff became entitled to recover any payments he had made on account of the contract and any reasonable and necessary expense he incurred in caring for defendants' property and in inspecting it to ascertain if it filled the measure of the contract, but he is not entitled to recover any damages based on the contract itself, for that has been destroyed by rescission and therefore cannot sustain a cause of action. [White v. Salisbury, 33 Mo. 150; Spangler v. Kite, 47 Mo. App. 230.]

Applying this rule, all of the items in plaintiff's statement properly may be included in the measure of his right, with one exception. The payment of the freight charges was in effect a payment on the purchase price of the lumber. [Beal v. Machine Co., 84 Mo. App. 539.] The items for hauling, inspection and storage were outlays made on defendants' account — all of these are proper elements, but the item for damages cannot be allowed. In the amended statement, the allegation relating to this item is "damages due from the said Jaynes Lumber Co. for failing to fulfill their contract with E. C. Phares in not sending the grades and kind of lumber ordered, $81," and in the instructions the jury was authorized to allow "reasonable damages, if any, that plaintiff may have sustained by reason of the fact that his order of lumber was not properly filled," etc. To permit a judgment to stand that includes damages of this character would be saying that plaintiff could annul the contract and yet recover damages upon it. This he cannot do. In choosing to rescind the contract, he released defendants as well as himself from all obligations to perform its conditions. As the party aggrieved, he had the opportunity to stand by the contract,

to accept the partial performance tendered and then sue for the recovery of the damages sustained as the result of its breach by defendants, but he elected to abandon the right to hold defendants to the full performance and thereby released them from damages that should be regarded as compensation for non-performance.

We find no other error in the record, but for that noted the judgment is reversed and the cause remanded. All concur.