AVIL PUBLISHING COMPANY, Respondent, v. GEORGE A. BRADFORD, Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. **SALES: Compliance with Contract: Pleading: Counterclaim: Justice's Courts.** Goods received on an order upon a dealer are subject to inspection by the purchaser, who may retain the goods if not as represented and sue for damages or he may refuse to accept and rescind the contract. It is not necessary in a justice's court for the non-accepting purchaser to file any counterclaim to maintain the defense of want of compliance with the contract.

2. ————: ————: **Return: Notice: Evidence.** Under the order in suit, the place of re-delivery of the books purchased was the place of delivery and the defendant did not have to tender them into court and on the evidence it is found he gave sufficient notice of his intention to rescind the contract.

Appeal from Boone Circuit Court. — *Hon. Alex. H. Waller,* Judge.

REVERSED AND REMANDED.

121 App—37

*Webster Gordon* for appellant.

(1) The universal rule of practice and pleading in justice courts and it is the same where the case is removed by appeal to the circuit court, that in the absence of a special plea being filed the general issue is always deemed to be pleaded and a defendant is entitled under such issue to make any defense he pleases, except a defense by counterclaim or setoff, without any formal special plea in writing, being filed with the justice before trial there. Reed v. Snodgrass, 55 Mo. 180; Simon v. Ryan, 101 Mo. App. 19; Comfort v. Lynam, 67 Mo. App. 668; Compton v. Parsons, 76 Mo. 455; Bales v. Heer, 91 Mo. App. 428; Moore v. Hutchinson, 69 Mo. 429; Melican v. Electric Co., 90 Mo. App. 602; Beck v. Knealy, 89 Mo. App. 423; Sherman v. Rockwood, 26 Mo. App. 403; Lewis v. Baker, 24 Mo. App. 682. (2) The trial court erred in giving a peremptory instruction to the jury to find for the plaintiff for the contract price of the books less whatever sum or sums the evidence showed the defendant had paid on account, not exceeding the sum of five dollars, which the evidence shows the defendant has paid on the books. (3) An acceptance of the books delivered was necessary to complete the sale and create an indebtedness. The mere delivery of the books sued for, to the defendant, does not *per se* import an acceptance or sale, nor does it create an indebtedness. Shennerhorn Co. v. Herold, 81 Mo. App. 466; Lovelace & Stewart, 23 Mo. 384; Fairbanks v. Mining Co., 105 Mo. App. 654; Kirby v. Johnson, 22 Mo. 354; Schwab & Co. v. Frieze, 107 Mo. App. 556; Shoenberg v. Loker, 88 Mo. App. 391; Calhoun v. Paule, 26 Mo. App. 274; 1 Beach on Contract, sec. 419. (4) The burden was on plaintiff to allege and prove a full and complete compliance with the contract on its part, which it fell far short of doing. Fairbanks v. Mining Co., 105 Mo. App. 654; Morrison v. Pridham, 56 Mo. App. 519; Eyerman

v. Cemetery Assn., 61 Mo. 489; Turner v. Miller, 59 Mo. 526; Doyle v. Turpin, 57 Mo. App. 84.

*Charles J. Walker* for respondent.

(1) Defendant's evidence went to establish a set-off or counterclaim and not having been pleaded in the justice court was inadmissible. Machine Co. v. Crawford, 98 Mo. App. 319; Brown v. Weldon, 27 Mo. App. 251; West v. Freeman, 76 Mo. App. 96; Stephens v. Barber Supply Co., 67 Mo. App. 587; Gantt v. Duffy, 71 Mo. App. 91; Emery v. Railroad, 77 Mo. 339. (2) The court's instruction to find for the plaintiff was clearly right. Bank v. Hainline, 67 Mo. App. 483; Brewery Co. v. Lindsay, 72 Mo. App. 591; Hoster v. Lange, 80 Mo. App. 234; Bank v. Fesler, 89 Mo. App. 217; Harrison v. Walden, 89 Mo. App. 164. (3) The instrument sued on comes under the provisions of sections 3852 and 3853, R. S. 1899. (4) Defendant's plea of the non-acceptance of the books which he did not offer to return either in the justice or circuit court, and which is seriously presented here for the first time, is without merit. Receipt and retention of the books constitute acceptance. Tower v. Pauley, 51 Mo. App. 75; Brewington v. Mesker, 51 Mo. App. 348; Lumber Co. v. Lumber Co., 51 Mo. App. 555; Morrell v. Lumber Co., 51 Mo. App. 592.

BROADDUS, P. J.—This suit was commenced in a justice's court where defendant recovered. Plaintiff appealed to the circuit court, where on trial anew he recovered, and the defendant appealed to this court.

On December 15, 1902, the defendant in writing gave an order to the Avil Printing Company, of which the plaintiff is the successor, for one set of "The Ridpath Library of Universal Literature," consisting of twenty-five volumes, for which he agreed to pay $39.60, in payments of $5 each, to-wit: $5 down and $5 in each

month thereafter until the whole purchase price should be paid. He paid the first $5, but upon receipt of the books they did not prove satisfactory to him and he refused to make any other payments. The suit is to recover the balance claimed by plaintiff as due on said order.

The order provides that the books were to be bound in "extra embossed linen." The defendant's evidence tended to prove that the books were not bound in "extra embossed linen," but in material of an inferior kind. Defendant testified that upon receipt of the books he examined them and found that they were not the books he bought, whereupon he wrote plaintiff that their agent had misrepresented things or that they had sent the wrong books and that he would not take them. Upon motion of plaintiff the court struck out all of defendant's evidence and gave judgment in its favor for $34.60. We gather from the briefs and argument of counsel that the action of the court was predicated upon the theory that as defendant had failed to file a counterclaim his evidence was inadmissible, and consequently he had no defense to the action.

If the books did not comply with the terms of the written and accepted order of defendant, he was not bound to keep them after having received and inspected them. [Fairbanks, Morse & Co. v. Mining Co., 105 Mo. App. 644; Schwab & Co. v. Frieze, 107 Mo. App. 553; Little Rock Grain Co. v. Brubaker & Co., 89 Mo. App. 10; Branson v. Turner, 77 Mo. 489.] There is no doubt but what goods received on an order upon the dealer are subject to inspection by the purchaser. He may retain the goods, if not as represented, and sue for damages, or he may refuse to accept them and ask for a rescission of the contract. And it was not necessary for the defendant to file any counterclaim in the justice's court in order for him to maintain his defense. It was a

question for the jury to say whether the books complied with the terms of the order.

If the defendant refused to accept the books on that account and so notified plaintiff, and that they were subject to its order, and demanded the return of the $5 he paid for them, he was entitled to a verdict. He was not compelled to bring the books into court and tender them to plaintiff. The place of delivery of the books was Columbia, Missouri, Eighth and Broadway, defendant's business address; which was the place that defendant under his contract was bound to redeliver them to plaintiff, if plaintiff consented to a rescission of the sale. [Phares v. Jaynes Lumber Co., 118 Mo. App. 546, 94 S. W. 585.] It is true, as contended by plaintiff, that if defendant received and retained the books without objection, his acts constituted an acceptance. Its contention is that there was no substantial evidence that defendant gave plaintiff any notice that the books were not as represented; that he fixes no date when he wrote the alleged letter to the plaintiff in reference to that matter. But we think otherwise. He stated that the books arrived in due time when he discovered immediately that they were not the books he bought and that he "sat down and wrote to the company and told them that their agent had misrepresented things or they had sent the wrong books and, if they were the books they wanted me (him) to take, I (he) would not take them, and for them to send me back my $5, and that the books were subject to their order. They paid no attention to it and I (he) paid no attention to them." We gather from the above quotation that he wrote to the plaintiff promptly upon receipt of the books that he would not accept the goods and asked for a rescission of the contract. It is true he does not say in so many words that he mailed the letter, but we think it a reasonable inference to say that, if he is to be believed, that he did so. Furthermore, he says that he told Mr. Wal-

ker, plaintiff's attorney, that he would return them if he knew where to send them. The defendant was not cross-examined as to whether he mailed the letter and the matter was thus left, under which circumstance, we think, the inference that the letter was mailed was somewhat strengthened.

Reversed and remanded. All concur.