Brashears v. Strock et al.

---

R. M. BRASHEARS, Respondent, *v.* M. F. STROCK *et al.*, Appellants.

1. *Practice, civil — Appeal from justice's court —Cause of action — Statement of, can not be amended, when.*— Section 19, chapter 185, page 850, Wagn. Stat., providing that the same cause of action which was tried before a justice shall be tried on appeal to the Circuit Court, does not forbid a change in the statement of the cause of action itself, or an amendment of a loose and uncertain statement, provided the cause of action is not changed. But in a suit not founded on an account or instrument of writing, a paper filed with the justice in the following words, to-wit: "A., debtor to B, to $50," wholly fails to be a "statement of facts constituting a cause of action" as required by that section; it can not be amended in the Circuit Court, and the case should be dismissed on motion.

*Appeal from Fourth District Court.*

*Harrington, Cover & Greenwood,* for appellants.

I. The account filed before the justice was insufficient, and gave the court no jurisdiction. (Gen. Stat. 1865, p. 701, §§ 12, 13; Casey v. Clark, 2 Mo. 12; Odle v. Clark, *id.* 13; Wathen v. Farr, 8 Mo. 324.)

II. The Circuit Court had no authority to allow the plaintiff to file a new statement and cause of action on appeal, but must try the same cause of action that was tried before the justice, and no other. The cause of action can not be changed. (Gen. Stat. 1865, p. 724, § 18; Webb v. Tweedie, 30 Mo. 488; Clark v. Smith, 39 Mo. 498; Hansberger v. Pacific R.R. Co., 43 Mo. 196.)

III. The case is within the sixth section of the statute of frauds. (Gen. Stat. 1865, p. 338, § 6; Brown on Frauds, §§ 300–8; 3 Pars. on Cont. 52–4; Gardner v. Joy, 9 Metc. 177.)

*Ellison & Ellison*, for respondent.

The case in 8 Mo. 324 is not in point for appellants. In that case the cause of action on file was not supported by the proof. The court say, in express terms, that all form is dispensed with, and the party can require a verbal statement before the trial opens. (8 Mo. 324; 25 Mo. 433.) If it was patent upon the papers that the cause of action was changed by the amendment, then their motion should have been sustained. But such is not the case. If there was no cause of action before the justice, why did they not move to dismiss? They appealed to some cause, and does it appear from the records that that cause was changed by the amendment? (20 Mo. 568.) All the cases cited by appellants upon this point show upon the record that the cause of action was changed. "An account filed is a sufficient statement of a cause of action before a justice of the peace." (Phillips' Assignee v. Fitzpatrick *et al.*, 34 Mo. 276.) The parties were not surprised by the amendment.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit against defendants before a justice of the peace, and filed the following statement:

"M. F. STROCK, A. SEIBERT, H. GARLOCK, JESSE HALL, JOHN G. KELLY,
    "To RICHARD BRASHEARS................................................................$50.
                        To fifty dollars."

Upon the trial he verbally charged them with violating a contract to take a kiln of brick he was to burn for them, and obtained a judgment for $50, from which defendants appealed. In the Circuit Court the plaintiff, on leave, amended his statement to read as follows:

"HIRAM STROCK, JOHN KELLY, HARRY GARLOCK, JESSE HALL, and AARON SEIBERT,
                        In account with RICHARD M. BRASHEARS, Dr.
    "To damages in failing to comply with agreement to take a kiln of brick which they engaged said Brashears to make......................................$50."

This change in the account was duly excepted to, and the statute of frauds was also interposed, the defendants claiming that the contract was a verbal one, and not to be performed within

a year. But the plaintiff again obtained judgment, which was affirmed in the District Court, and defendants bring the case here. They first claim that the change in the statement of the claim was a change in the cause of action, which the statute (Wagn. Stat., ch. 185, p. 850, § 19) forbids. The following is the section: "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal." This does not forbid a change in the statement of the same cause of action, but only a change in the cause of action itself, and it is not pretended that in this case a different cause was prosecuted in the Circuit Court from what had been tried before the justice. So, then, there was no violation of this statute.

But the original paper filed with the justice was about as near no statement as could well be made. It gives the names of the parties and the amount claimed, but wholly fails to be a "statement of facts constituting the cause of action," as is expressly required when the suit is not founded on account or instrument of writing. (See Wagn. Stat., ch. 178, p. 814, § 13.) This court has been very liberal toward proceedings before justices of the peace, and very slight indications of the facts constituting the cause of action should be held to be sufficient. But there should be something to advise the opposite party what he is sued for, and in this instance there is nothing at all.

The defect was not waived in the Circuit Court, for the first step taken by the defendants was to move to dismiss for want of a statement before the justice; hence they saved the point. We find no fault with the amendment in the Circuit Court, had there been anything to amend; for a loose and uncertain statement may well be made more certain and definite, if there is no change in the cause of action. There is nothing in the second objection, as, according to testimony, the brick were to be made within a year.

The judgment is reversed and the cause dismissed. The other judges concur.