A. MORTIMER DAHLGREN, Respondent, v. YOCUM BROS., Appellants.

St. Louis Court of Appeals, March 24, 1891.

1. **Justices of the Peace: REQUISITES OF STATEMENTS OF CAUSE OF ACTION.** The statement of a cause of action before a justice of the peace must be a statement of facts as distinguished from a conclusion of law, must advise the other party with what he is charged, and be sufficiently definite to bar another action. Beyond this no formal precision is requisite.

2. ——: **AMENDMENT OF STATEMENT.** A statement of a cause of action filed before a justice as the basis of the suit must state some cause of action, and, if it does not do so, is not subject to amendment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Chester H. Krum*, for appellants.

The memorandum filed with the justice was not a statement of a cause of action. *Swartz v. Nicholson*, 65 Mo. 508; *Rosenburg v. Boyd*, 14 Mo. App. 429; *Butts v. Phelps*, 79 Mo. 302; *Razor v. Railroad*, 73 Mo. 471. As the memorandum filed with the justice did not state

a cause of action at all, it was not susceptible of amendment on appeal. Hence the action of the court below in permitting an amendment was error. *Brashears v. Strock*, 46 Mo. 221.

*Bentley & Peabody*, for respondent.

The plaintiff did all that was necessary and fully set out "the facts constituting the cause of action upon which the suit was founded." R. S. Mo., secs. 6138, 6139. Amendments are allowed in the circuit court as well as before the justice. R. S., sec. 6225; *Vaughn v. Railroad*, 17 Mo. App. 4.

ROMBAUER, P. J.—The only question presented by this appeal is, whether the plaintiff's statement, filed before the justice, was "a statement of facts constituting the cause of action on which the suit is founded," under the requirements of section 2851 of the Revised Statutes of 1879. The statement is as follows:

"A. M., Dahlgren, Plaintiff,  
   *v.*  
"Wm. H. Yocum and Jas.  
 W. Yocum.

"Plaintiff in said entitled cause says defendants are justly indebted to him in the sum of $85.68, which sum is due him from said defendants for the sale of cigars, wherein plaintiff acted as the agent and salesman of said defendants under a certain written contract, made, signed and executed by plaintiff and defendants, October 18, 1887, and an unwritten contract made thereafter; that said sum has been demanded of said defendants, and said defendants have refused to pay the same, and all of said sum of $85.68 is still due plaintiff."

The circuit court, against the defendants' objection, permitted the plaintiff to file an amended statement. No complaint is made touching the sufficiency of the amended statement, nor of the trial in the circuit court

in other respects, but the defendants claim that the above statement stated no cause of action whatever, and hence the action of the court in permitting an amendment on appeal was erroneous. Conceding the correctness of the premise the conclusion is unavoidable. *Brashears v. Strock*, 46 Mo. 221.

It is difficult to define the absolute requirements of a statement before a justice. It must be a statement of facts as distinguished from a conclusion of law, must advise the other party with what he is charged, and, generally speaking, be definite enough to bar another action. Beyond this, no formal precision is required. The statements in *Brashears v. Strock, supra ; Swartz v. Nicholson*, 65 Mo. 508, and *Rosenburg v. Boyd*, 14 Mo. App. 429, which were held insufficient, were mere conclusions of law. In the case at bar, the statement sufficiently shows that the indebtedness which is claimed arose out of plaintiff's employment by the defendants in the sale of cigars. Under the liberal rules which have been applied both by the supreme court and this court in upholding the sufficiency of such statements, we must hold that this statement was at least sufficient to warrant its amendment in the circuit court.

All the judges concurring, the judgment is affirmed.