Corson v. Waller.

---

JAMES M. CORSON, Appellant, v. JOHN A. WALLER, Administrator, etc., Respondent.

Kansas City Court of Appeals, February 1, 1904.

1. **ADMINISTRATION: Exhibition of Demand: Statute: Notice.** A notice of a demand against an estate set out in the opinion is held not to meet the requirements of section 188, Revised Statutes 1899, in that it does not state the "amount and nature of the claim."

2. ——: ——: ——: ——. Said notice of plaintiff's desire to establish his demand meets the requirements of section 197, Revised Statutes 1899, since it contained "copies of the instruments of writing on which the demand was founded."

3. ——: ——: ——: Pleading. No formal pleadings are required in the probate court, but common justice requires such a statement to be full and specific enough to apprise the administrator of the facts involved.

4. ——: ——: Appeal: Amendment. A cause of action may be amended in the appellate court to supply deficiencies or omissions, but no new item or cause of action can be added; and if the original demand is a mere nullity, it is not amendable.

5. ——: ——: ——: ——. A demand set out in the opinion, while defective and insufficient, is held susceptible of amendment.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

*C. C. D. Carlos* and *John Cosgrove* for appellant.

(1) The trial court committed error in sustaining motion to strike out plaintiff's amended statement. It was specific and fully advised defendant of all the facts constituting plaintiff's cause of action. Busch et al. v. Diepenbrock, 20 Mo. 568; May et al. v. Kloss, 44 Mo. 300. (2) The amended statement set forth the facts sufficiently explicit and had a judgment been rendered for plaintiff thereon, it would have barred him from recovering in another action. This was all that was necessary. Price v. Railway, 48 Mo. 389 and cases cited. Wencker, Admr., v. Thompson, Admr., 96 Mo. App. 66. (3) The original statement was sufficient. If this statement was not sufficiently definite defendant should have moved to compel plaintiff to file a more definite statement of his cause of action. It was not a ground of dismissal. Watkins v. Donelly, 88 Mo. 322; Maxwell v. Quimby, 90 Mo. App. 469.

*W. M. Williams* and *C. D. Corum* for respondent.

(1) The statute provides that in exhibiting demands against estates, the claimant shall state the amount and nature of his claim. R. S. 1899, sec. 188. The claim filed does not answer the requirement of law or of common sense. (2) The statement sued on here does not set forth the facts constituting a cause of action. It suggests nothing of the nature thereof. No court can determine what cause of action was intended to be stated. Therefore it can not be amended. Brashears v. Shrock, 46 Mo. 221; Breeman v. McMemany, 78 Mo. App. 122. (3) Pleadings, even in probate

courts, must contain a statement of the facts and something of the nature of the claim. R. S. 1899, sec. 118; Seligman v. Rogers, 113 Mo. l. c. 660; Watkins v. Donnelly, 88 Mo. 322; Brashears v. Strock, 46 Mo. 221; Maxwell v. Quimby, 90 Mo. App. l. c. 474. (4) Although it should be held that the original statement of the appellant was susceptible of amendment, still the judgment ought to be affirmed, because it is shown that no demand was ever filed in the probate court. ''Appellate courts will always sustain a correct result, though such result may have been brought about by an erroneous process of reasoning.'' Ittner v. Hughes, 133 Mo. 679; Theile v. Railroad, 140 Mo. l. c. 335; Hewitt v. Steele, 118 Mo. 463; Wolf v. Dyer, 95 Mo. l. c. 550.

SMITH, P. J.—The plaintiff delivered to the defendant administrator the following notice:

''To John A. Waller, administrator of the estate of Wm. H. Glasgow, deceased: Take notice that at the next term of the probate court of Cooper county, Mo., to be held at the courthouse in the city of Boonville, in said county, on the second Monday of August, 1902, on the first day of said term, or as soon thereafter as I can be heard, I shall present to said court for allowance against said estate a demand founded upon the following, to-wit:

'' 'October 15, 1900.
'' 'Received of J. M. Corson the sum of $58.50 on the H. M. Keevil note.
'' 'W. H. GLASGOW.'

'' 'December 13, 1900.
'' 'Received of J. M. Corson the sum of $67.85 in full payment of the H. M. Keevil note.
'' 'W. H. GLASGOW.
'' 'June 25, 1902.                '' 'J. M. CORSON.'

"State of Missouri, County of Cooper. ss.

"J. M. Corson, the above named claimant, makes oath and says, that to the best of his knowledge and belief he has given credit to the estate of William H. Glasgow, deceased, for all payments and offsets to which it is entitled and that the balance claimed is justly due.                         "J. M. CORSON.

"Subscribed and sworn to this 30th day of June, 1902.                         "C. C. D'CARLOS,
                         "Notary Public."

On which notice there was indorsed in writing by the administrator the waiver "of service of any notice on me of the presentation of the above demand to the probate court," etc.   On August 11, 1902, the parties appeared before the probate court when and where there was a trial on the merits resulting in judgment for defendant.   An appeal was taken by plaintiff to the circuit court where plaintiff by leave of court filed an amended statement which was as follows:

"Plaintiff by leave of court first had and obtained, for his amended statement herein states that he and Wm. H. Glasgow, deceased, on the — day of ——, 1898, executed and delivered their joint note to H. M. Keevil for the sum of $117; that in order to settle and pay off said note he paid to Wm. H. Glasgow, deceased, on the 15th of October, 1900, the sum of $58.50 and on the 13th of December, 1900 . . . the further sum of $67.85, both of which sums so paid by plaintiff to said Wm. H. Glasgow, said Glasgow promised and agreed to pay and cause to be credited on the note to the said H. M. Keevil, which payments will appear by receipts dated on the dates above given and herewith filed and marked exhibits "A" and "B;" that said Glasgow failed and neglected to pay said sums to said H. M. Keevil, and failed to have said sums or either of them

credited on said note so held by said Keevil; that since the death of said Glasgow the said Keevil instituted a suit against John A. Waller, as administrator of the estate of said Wm. H. Glasgow, and plaintiff on said note, before J. L. Stephens, Esq., a justice of the peace of Kelly township, Cooper county, Mo., and recovered judgment for the amount due on said note; that since then plaintiff has paid said judgment and costs, and he now asks judgment against the defendant Waller, as administrator of said Wm. H. Glasgow, deceased, to be levied of the goods and chattels of said estate in the hands of said administrator, for said sum of $126.35 with interest on $58.50 from October 15, 1900 and on $67.85 from December 13, 1900, and for costs." To which statement was appended the affidavit required by section 195, Revised Statutes.

The defendant thereupon filed a motion to strike the amendment from the files for the reason that plaintiff's original statement was a nullity and not susceptible of amendment, and which was by the court sustained. The defendant then filed a motion to dismiss the cause for the reason that plaintiff had filed in the probate court no sufficient statement of his cause of action, and for the further reason that the statement filed did not show the nature of his alleged demand, etc., which was sustained and judgment given accordingly, and from which plaintiff appealed.

The vital question raised by the appeal is, whether or not the statement of the demand exhibited to the administrator and subsequently presented to the probate court for allowance, and by that court heard and determined, was such as was susceptible of amendment. Section 188, Revised Statutes, provides, that any person may exhibit his demands against such estate by serving upon the executor or administrator a notice in writing stating *the amount and nature of his claim* with a copy of the instrument of writing or account upon

which the claim is founded.    Section 197, Revised Statutes, provides, that any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance, etc.    Under section 188, providing how a demand may be exhibited against an estate, the notice given and quoted at the outset does not meet the requirements of that section in that it does not state "*the amount and nature of the claim,*" though it does set forth copies of the instruments of writing upon which it —the demand—is founded.

As notice of the plaintiff's desire to establish his demand, it did meet the requirements of  section 197, supra, for it does contain "copies of the instrument of writing on which the demand was founded," etc.    The notice on its face shows that its purpose was to procure the allowance against said estate of a demand founded on the instruments in writing therein copied.    The plaintiff's claim or demand is founded on the receipts, but the statement of just in what way or how the same arose, or the decedent's estate became liable to plaintiff thereon, is not stated.    The facts upon which the plaintiff claimed there was liability to him on said receipts should have been stated so as to fully advise the administrator of the nature of his claim.    The notice did not advise the administrator what facts the plaintiff expected to prove in order to establish the liability of the estate to him.    It is true that in probate courts formal pleadings are not required, yet, common justice requires that the statement of a matter about which those in charge of the estate probably know nothing, should, when presented for allowance, at least be sufficiently full and specific to apprise them of the facts involved, so that they can be prepared properly to protect the interests confided to them, and thus prevent the

allowance of unjust demands from swallowing up the estate.   Watkins v. Donnelly, 88 Mo. 322.

The statement was unquestionably defective and insufficient; but, while this is so, was it unsusceptible to amendment? Was it, as defendant contends, as absolute nullity and such as to furnish nothing to amend? A statement of a plaintiff's cause of action may be amended in the appellate court to supply any deficiency or omission therein when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be embraced in the original statement, shall be added by such amendment.   Section 4079, Revised Statutes.   When a statement is so entirely barren as to state nothing at all— is a mere nullity—it is not amendable in the appellate court.   Brashears v. Strock, 46 Mo. 221; Lamb v. Bush, 49 Mo. App. l. c. 388; Dahlgren v. Yocum, 44 Mo. App. 277.

While it may be that the statement here is bad and would not support a judgment, it can not be said that it is entirely barren, a nullity, and therefore not amendable.   It sufficiently appears therefrom that plaintiff bases his claim on the receipts—they constitute the foundation of his claim.   The facts showing just how and in what way the deceased's estate is liable to plaintiff on the receipts is omitted, but it seems to us that substantial justice would be promoted by allowing him to supply by amendment the omissions.   Dahlgren v. Yocum, 44 Mo. App. 277; Lamb v. Bush, 49 Mo. App. l. c. 338; Brashears v. Strock, 46 Mo. 221.   If these conclusions be correct it inevitably follows that the court erred in striking the plaintiff's amendment from the files and in dismissing the action.

The judgment will accordingly be reversed and cause remanded to be proceeded with in accordance with the view of the law herein expressed.   All concur.