Nichols v. Hicklin.

LEE NICHOLS, Appellant, v. CHARLES HICKLIN, Respondent.

Kansas City Court of Appeals, January 6, 1908.

1. **JUSTICES' COURTS:** Statement: Sufficiency of. A statement filed with the justice relating to the breach of contract in the rental of some land is considered and held sufficient to sustain an amendment, and the objection to the want of signature comes too late, since it was not referred to in the motion to strike out the statement where the only objection was that the statement was not sufficient.

2. **LEASE: Substituted Lessee: Statute of Frauds.** Parol agreement for a two year lease of land is held not to come within the statute since the lessee went into possession and became a tenant from year to year and the new year was entered upon with the defendant as substituted lessee.

Appeal from Bates Circuit Court.—*Hon. R. S. Ryors,* Special Judge.

REVERSED AND REMANDED.

*W. O. Jackson* for appellant.

(1) If a cause of action stated before a justice of the peace is sufficient to indicate the intention of the pleader, it is sufficient on which to amend. Heman v. Fanning, 34 Mo. App. 50 and cases cited; Rosenburg v. Miller et al., 61 Mo. App. 422; Nutter v. Houstan, 42 Mo. App. 366. (2) Entire performance of a contract by one of the parties, takes the contract out of the statutes of fraud. Hoyle v. Bush, 14 Mo. App. 408; Winter v. Cherry, 78 Mo. 344, 348; Bless v. Jenkins, 129 Mo. 647; Melchoir Hosli v. Henry Yokel, 58 Mo. App. 169; Ray v. Blackman, 120 Mo. App. 502. (3) Where parol contract of lease within the Statute of Frauds has been followed by an entry and continuance of possession and attornment on the part of the tenant to the end of the term, the contract being thus performed is valid. Ray v. Blackman, 120 Mo. App. 497.

*Silvers & Silvers* for respondent.

(1) Where no statement is filed or an insufficient statement is filed before the justice at the commencement, such defect in the plaintiff's pleading can only be rectified by the filing of a "sufficient statement" before the jury is sworn. R. S. 1899, sec. 3853. (2) The statement filed before the jury is sworn must be sufficient in itself. It is too late after appeal. Brashears v. Strock, 46 Mo. 221; Nenno v. Railroad, 105 Mo. App.

540. (3) A statement in the justice's transcript that an account or statement is filed, where the statement itself does not appear, is not a showing that an original statement or account was filed; but on the contrary, unless the statement itself appears, the cause should be treated as though no statement was filed. Peddicord v. Railroad, 85 Mo. 160. (4) If plaintiff did file an account at the origin of the action (as stated in the justice's transcript) then the filing of a statement for damages thereafter was a substitution and not permissible. Adler v. Railroad, 110 Mo. App. 339; Purdy v. Pfaff, 104 Mo. App. 331. (5) The sublessee of a piece of land is liable only to the tenant from whom he subleases, until he makes attornment to the landlord. McDonald v. May, 96 Mo. App. 236.

ELLISON, J.—This action was begun before a justice of the peace where, after a jury trial, plaintiff had judgment and defendant appealed to the circuit court. In the latter court defendant moved to strike out the statement which said motion was sustained, and plaintiff has brought the case here.

It appears that plaintiff was the owner of a few acres of ground which had been cleared of timber and brush and was then what is termed plough land. Plaintiff then agreed with one Clark that the latter should have the land for cultivation and was to have the crop raised except the "stalks" left in the field. For this he was to sprout the land twice a year. This was done one year and after the beginning of a new year Clark, with plaintiff's consent, sold to defendant. The three agreed that defendant would take the land as Clark had it and that he would sprout it twice a year. It is charged that defendant failed to sprout the land as agreed whereby plaintiff claims that he is damaged in the sum of fifteen dollars. This statement will suffice for an understanding of the disposition of the case made by the Circuit Court and of our conclusions.

The record shows that on June 21, 1906, plaintiff filed an account with the justice who thereupon issued a summons for defendant returnable July 2nd. That the writ was duly served. It then shows that a "jury was summoned by request of defendant" and on June 29th (before day of trial), both parties asked that the cause be continued until July 16, 1906, which was granted. The record then shows as follows:

"Now on the 16th day of June (July), 1906, the plaintiff filed a statement and afterwards the defendant files a motion to dismiss which is overruled and the case coming on for trial the plaintiff and the defendant each announce ready for trial and the defendant having asked for a jury, a jury was empanelled as follows:" etc. The statement thus referred to as being filed with the justice on July 16th, is as follows, except the words in italics:

"The plaintiff, for amended statement, says that on or about the—— day of March, 1904, he and D. L. Clark entered into an oral contract whereby it was agreed that D. L. Clark was to have the use of a tract of five or six acres of land in Homer Twp. Bates county, Missouri, *for two years,* which was stump land of the plaintiff ready for the plow and the said D. L. Clark as consideration was to sprout the said five or six acre tract twice a year as well as to break the same and was to have, all of the crop grown on the same by him, except the stalk field which the said plaintiff reserved in said contract for himself and that the said Clark took possession of said land and broke it and tended it in corn *for one year* and cut the sprouts on said land for that year and gave the plaintiff the stalk field. That about the 1st of March, 1905, the defendant, with the consent of the plaintiff, bought out the interest of the said Clark and agreed with the plaintiff and Clark to carry out his (Clark's) contract, *that is, agreed to cut sprouts on said land twice during the summer of 1905, as part con-*

*sideration for the use of the land.*   That the defendant took possession of said land under said purchase contract with plaintiff and Clark and tended it in corn and received all of the crop except a part of the stalk field, but failed to sprout the land twice as agreed by him for that year.   That by reason of the defendant's failure to sprout the land the plaintiff is damaged in the sum of fifteen dollars, for which he asks judgment."

In the circuit court defendant moved that the case be dismissed for the reason that no sufficient statement of a cause of action was filed before the justice.   Before this motion was acted on plaintiff filed an amended statement, the amendment being made up of the words in the statement just set out which are in italics.   Defendant then filed a motion to strike out the amended statement on the ground that no statement had been filed before the justice upon which to base an amendment, and that the amended statement did not state a cause of action.   The motion was sustained.

The record shows that a statement was filed before the justice and the question is was it such an one as afforded grounds for amendment.   The defendant contends that there was nothing therein upon which to base an amendment, and likens the case to that of Brashears v. Strock, 46 Mo. 221.   The cases are altogether different.   That case is no authority for the disposition made of this case.   It is too manifest for argument that the statement before the justice was a sufficient base for the amended statement.   But it is suggested that the statement before the justice was not signed.   Such objection does not appear to have been made in the trial court.   No attention was called to it in the motion.   The general expressions in the motion were not sufficient. The objection is of no avail now.

The statute of frauds does not apply to the case. The contract was followed by possession of the lessee and payment of the contract rent.   It became a tenancy

from year to year by operation of law. A new year was entered with defendant as the substituted lessee. There is no room for application of the statute. [Hosli v. Yokel, 58 Mo. App. 169; Ray v. Blackman, 120 Mo. App. 497.]

The judgment is reversed and the cause is remanded. All concur.