# W. O. STANLEY et al., Appellants, v. S. G. WHITLOW et al., Respondents.

### Kansas City Court of Appeals, July 6, 1914.

1. **REAL ESTATE BROKERS: Commission: Question for Jury.** Plaintiffs, who were real estate brokers, were requested by defendants to procure a trade for their lands. Plaintiffs did so and assisted defendants in consummating the trade. *Held*, that this, if believed by the triers of the facts, entitled plaintiffs to a reasonable commission for their services. And there being evidence of such facts, plaintiffs were entitled to go to the jury.

2. **PLEADING: Petition: Explicit Contract or Quantum Meruit.** Where a petition declares on an express or explicit, sometimes called a special contract, recovery cannot be had as upon a *quantum meruit*, but the petition in this case is examined and held to be on a *quantum meruit*.

3. **———: Misjoinder of Parties: Husband and Wife: Demurrer to Evidence.** A married woman under our statutes can sue and be sued with or without joining her husband. Obligations which at common law were joint only are, under our statutes, joint and several, and suit may be brought upon joint obligations or assumptions, and plaintiff shall not be nonsuited by reason of failure to prove that all defendants are parties to the contract, but may have judgment against such of them as

he shall prove to be parties thereto. Failure of proof as to one of such parties would authorize the sustaining of a demurrer as to that party but not as to all the defendants.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

REVERSED AND REMANDED.

*Sangree & Bohling* and *W. G. Lynch* for appellants.

*W. D. Steele* for respondents.

TRIMBLE, J.—Suit for commission by real estate brokers. The evidence tended to show that plaintiffs were real estate brokers; that they owned several farms one of which was in Pettis county and another in Cooper; that they advertised the Pettis county farm for exchange for property in Sedalia; that defendants owned some lots in Sedalia and ten acres near there; that defendants saw plaintiffs' advertisement and called up by 'phone in reference thereto; that plaintiffs told defendants that, if they traded a farm they owned themselves to defendants, no commission would be expected, but that if they succeeded in getting a trade for defendants for a farm they did not own they would expect a commission; that plaintiffs thereupon showed defendants one of their own farms but it did not suit defendants; that several other farms were submitted to defendants by plaintiffs for exchange but defendants declined to consider them, and made no inspection thereof. Defendants thereupon told plaintiffs "you find us a farm in Cooper county, and we will be easy to trade with." Plaintiffs told defendants they owned no other farm in Cooper county except the one they had showed them but which did not suit. Plaintiffs went to look at a farm near Sweet Springs in

said county and submitted it to defendants but that did not suit them.

About August 5, 1912, plaintiffs, learning of a farm in Cooper county owned by a man named Gentry who desired to trade it for Sedalia property, got a description of it and took it to defendants. The latter were favorably impressed and arrangements were made for defendants and one of the plaintiffs to go and inspect the farm the next day. They did so. Plaintiffs did not represent Gentry in the negotiations that followed but represented defendants. Acting for defendants, plaintiffs submitted a proposition from defendants upon which they would trade. This was finally accepted by Gentry and a trade was made, plaintiffs assisting defendants in drawing the contracts and deeds and otherwise consummating the exchange. In the trade, defendants' property was valued at $9500. The evidence tended further to show that the usual real estate commission was two and one-half per cent and that it was reasonable, and that plaintiffs did not represent Gentry nor receive any commission directly or indirectly from him. Such was the evidence from plaintiff's side.

On the defendants' part the evidence tended to show that they never listed their property with plaintiffs for sale or exchange, never agreed to pay a commission and that a commission was never mentioned.

Under the foregoing circumstances, if the suit was on an implied contract for a *quantum meruit,* i. e., as much as plaintiffs deserved, the questions whether plaintiffs were entitled to a commission and if so how much, would be for the jury. If plaintiffs' evidence were believed by the jury, clearly the defendants requested known real estate brokers to find a farm for which they could trade their property, and that plaintiffs performed their part and assisted in closing the trade for a farm other than one owned by plaintiffs in which case they were to be paid a commission. This would entitle plaintiffs to a commission even if

there was no mention of the precise amount to be paid, and the question of whether these were the facts was for the jury to settle.

At the close of all the evidence the court sustained a demurrer to the evidence and directed the jury to find for the defendants. Plaintiffs thereupon took an involuntary nonsuit with leave to move to set the same aside. This motion, when filed, was overruled and plaintiffs have appealed.

The record does not disclose upon what theory the demurrer was sustained. We infer, however, that it was sustained upon the ground that plaintiffs were held to have sued upon an express or explicit contract and the evidence failed to show such a contract but was sufficient to support a recovery upon a *quantum meruit*. It is no doubt true that one cannot declare upon an explicit contract and then recover as upon a *quantum meruit*. [Lewis v. Slack, 27 Mo. App. 119; Eyerman v. Mount Sinai Cemetery Assn., 61 Mo. 489.]

But plaintiffs' petition did not declare on an express or explicit contract, sometimes termed a special contract though strictly speaking this term means a contract under seal. The petition declared upon an implied contract and sought recovery as upon a *quantum meruit*. It alleged that plaintiffs were real estate brokers; that defendants were the owners of certain real estate in and near Sedalia; that defendants requested plaintiffs to assist them in trading said real estate and agreed to pay plaintiffs a reasonable sum for their services; that plaintiffs performed those services and that they were reasonably worth $237.50. There is no declaration on an explicit contract. The allegation that defendant "agreed to pay a reasonable sum" is merely an allegation that by requesting plaintiffs to assist them and by accepting the services performed, the law implied an agreement to pay, that is, that the defendants, not actually, but as a matter of law, agreed to pay. The phrase "which the defend-

ants agreed to pay'' in the closing part of the petition
was not an allegation that they expressly and specific-
ally agreed to pay any specified sum.  It merely means
that the defendants agreed to pay the reasonable value
of the services and the agreement to pay was made as
set forth in the petition, that is, by requesting plain-
tiffs to act.  Taken as a whole the petition sought re-
covery as upon a *quantum meruit* and not upon an ex-
press or explicit contract.  The evidence was sufficient
to authorize the submission of the case to the jury.
[Hiemenz v. Georger, 51 Mo. App. 586; Ballentine v.
Merser, 130 Mo. App. 605; Murphy v. Knights of Co-
lumbus Bldg. Co., 155 Mo. App. 649.]  The demurrer
to the evidence should not have been given on the
ground considered.

If the demurrer was given because there was a
misjoinder of parties defendant, we fail to see wherein
there was any misjoinder.  Under section 1753, Revised
Statutes 1909, a married woman can sue and be sued
with or without joining her husband.  And section 8304,
Revised Statutes 1909, makes her a *femme sole* so far
as to enable her to contract and be contracted with,
to sue and be sued, and have enforced against her such
judgments as may be rendered against her.  Section
2769, Revised Statutes 1909, declares that all contracts,
which at common law were joint only, to be joint and
several.  And sections 2772 and 1981, Revised Statutes
1909, provide that in all cases upon joint obligations
and joint assumptions of copartners or others suit may
be brought and prosecuted against any one or more
of those who are liable, and that in all such actions
the plaintiff shall not be nonsuited by reason of fail-
ure to prove that all defendants are parties to the con-
tract, but may have judgment against such of them as
he shall prove to be parties thereto.  [Bagnell Timber
Co. v. Missouri, Kansas & Texas Ry. Co., 242 Mo. 11,
l. c. 20.]  However, if plaintiffs' testimony is to be

181 App. 30

believed, we do not mean to intimate that either one of the defendants is not liable. If the evidence should show that Mrs. Whitlow never rendered herself liable, that would be grounds for sustaining a demurrer as to her but not as to both defendants.

The judgment is reversed and the cause remanded. All concur.