**E. J. MALONE, Plaintiff-Respondent,**

v.

**Hamilton ADAMS, Administrator of the Estate of John W. Matlock, Deceased, Defendant-Appellant.**

No. 8078.

Springfield Court of Appeals.

Missouri.

Nov. 8, 1962.

William E. Seay, Salem, for defendant-appellant.

L. Clark McNeill, Salem, for plaintiff-respondent.

STONE, Judge.

Defendant Adams, as administrator of the estate of John W. Matlock, deceased, appeals from an adverse judgment of $1,-100 entered, at the conclusion of a jury-waived trial in the Circuit Court of Dent County, upon a demand originally filed in the probate court by plaintiff Malone, a licensed real estate broker, for commission alleged to have been earned in the sale of a 439-acre farm owned by Matlock and situate about seven miles west of Salem, Missouri.

Matlock "listed" the farm with plaintiff on October 9, 1959. It appears that "the asking price" at that time was $14,000. On January 23, 1960, Matlock, plaintiff and the Criscos (prospective purchasers) conferred in the office of a Salem attorney, who testified (without objection) that Matlock then agreed to sell the farm to the Criscos for $11,000 and that Mrs. Gertrude Crisco then issued an "earnest money" check for $100 to Matlock, who left the check with the attorney while the abstract was brought to date and examined. Under date of February 23, 1960, W. G. Crisco (at Round Springs, Missouri) wrote *plaintiff* that "I am ready to go with the closing of the deal on the John Matlock farm; please advise me at once." In the meantime, Matlock had died on February 18, 1960; but, although we

are not informed as to the closing date or procedure, the defendant administrator readily agreed upon trial that he had "received into the estate the sum of $11,000 for the sale of the farm" and that this sum had been paid by W. G. Crisco. The defendant administrator also testified (without objection) that he had called at plaintiff's office after Matlock's death and that "I (defendant) offered him a certain amount for what he had done." A paper writing, to which plaintiff referred as "a listing on the J. W. Matlock farm," was identified as an exhibit. However, the meager testimony pertaining to the "listing" was stricken upon defendant's motion; the exhibit was excluded from evidence upon defendant's objection; and the transcript on appeal neither contains this exhibit nor a call for it. Accordingly, we have no knowledge concerning its content, meaning or effect. Two witnesses for plaintiff testified that the customary and reasonable commission for sale of farm property in the Salem area was ten per cent of the sale price.

The *sole* point, upon which defendant here relies, is that "respondent (plaintiff) having sought relief by pleading express contract and having failed in his proof thereof by not making a prima facie case cannot now avail himself of the theory of quantum meruit and his entire case, therefore, fails." Plaintiff's *only* "pleading" (if such it may be termed) was the following claim or demand timely filed in the Probate Court of Dent County:

"The Estate of John W. Matlock Deceased
"To E. J. Malone, doing business as Malone Insurance and Realty Company, DR.
"Address Salem, Mo.

"To Commission on sale of Matlock farm at $11,000.00 on January 23, 1960, which farm was listed with E. J. Malone on Oct. 9, 1959 at 10% ....... 1100.00

"Sale made to W. G. and Gertrude *Chrisco* and approved by John W. Matlock before his death."

Appended to the claim was plaintiff's affidavit in statutory form. V.A.M.S. § 473.-380(1).

■ There is no room for argument about the legal principle on which defendant relies, to wit, that if a plaintiff elects to, and does, declare upon an express contract, he may not recover upon quantum meruit. Although all of the cases cited by defendant were initiated in the circuit court [e. g., O'Neal v. Mavrakos Candy Co., Mo.App., 255 S.W.2d 138, 140(1), affirmed 364 Mo. 467, 263 S.W.2d 430; Stanley v. Whitlow, 181 Mo.App. 461, 168 S.W. 840, 841(3) ], the stated principle is recognized also in proceedings originating in the probate court. Brown v. Clark's Estate, Mo.App., 207 S.W.2d 530; Farris v. Faris' Estate, Mo.App., 212 S.W.2d 71, 74(3, 4). However, as is so frequently true, our problem is *not* as to the *validity* of a legal principle but rather as to its *applicability* in a given situation. Defendant's sole point (as hereinbefore quoted) is predicated on the premise that plaintiff "sought relief by pleading express contract," and the meritorious question is as to whether the quoted claim did, in truth, plead an express contract.

■■ V.A.M.S. § 473.380, which treats of the "form and verification of claims," requires only that a claim be "in writing, stating the nature and amount thereof, if ascertainable, and (be) accompanied by an affidavit" containing certain statements, and that, if the claim be "founded on a written instrument, the original or a copy thereof with all indorsements * * * be attached to the claim" or "loss or destruction * * * be stated in the claim." The practice in probate courts being designed and intended to serve the ends of justice without regard to technical precision in pleading [Guthrie v. Fields, Mo.App., 299 S.W. 141, 143(1); Murphy v. Pfeifer, Mo.

App., 105 S.W.2d 39, 41], the niceties of pleading required in actions initiated in the circuit court need not be observed in proceedings originating in the probate court [Liebaart v. Hoehle's Estate, Mo.App., 111 S.W.2d 925, 928–929; Hays v. Miller's Estate, 189 Mo.App. 72, 78, 173 S.W. 1096, 1097] and a formal pleading is not necessary in presentation of a claim in the probate court. In re Franz' Estate, Mo., 245 S.W.2d 1, 5(3); Savage v. Michalon's Estate, Mo.App., 176 S.W.2d 626, 633. Such claim is not to be judged by the rules of pleading applicable to a petition filed in the circuit court but is sufficient if it gives reasonable notice to the legal representative of the estate as to the nature and extent of the claim and if it is specific enough that a judgment thereon would be res judicata of the matters involved. Siegel v. Ellis, Mo., 288 S.W.2d 932, 938(4); In re Thomasson's Estate, 346 Mo. 911, 915, 144 S.W.2d 79, 81–82(4); Rassieur v. Zimmer, 249 Mo. 175, 181, 155 S.W. 24, 25.

Indeed, as we have noted, instant defendant does *not* contend that the claim under scrutiny was insufficient but rather that it pleaded an express contract which was not proved. It is true that the above-quoted claim does *not* contain a specific statement that plaintiff's services were reasonably worth, or were of the reasonable value of, the sum sought—an averment frequently found and certainly appropriate in a claim upon quantum meruit. E. g., In re Hukreda's Estate, Mo., 172 S.W.2d 824; Minor v. Lillard, Mo., 289 S.W.2d 1, 3; Reighley v. Fabricius' Estate, Mo.App., 332 S.W.2d 76, 79. But numerous cases demonstrate that such an averment in a claim in the probate court is not an indispensable prerequisite to recovery upon quantum meruit. See Vosburg v. Smith, Mo.App., 272 S.W.2d 297, 299, 302–303; In re Stein's Estate, Mo. App., 177 S.W.2d 678, 679, 681–682(1); Liebaart, supra, 111 S.W.2d loc. cit. 926, 928; Murphy, supra, 105 S.W.2d loc. cit. 40; Aldridge v. Shelton's Estate, Mo.App., 86 S.W.2d 395, 396, 398; Blackwell v. De Arment's Estate, Mo.App., 300 S.W. 1035.

And we note that "(p)laintiff's demand in the instant case did not plead the terms of a contract or seek recovery of damages for breach of contract" [Vosburg, supra, 272 S.W.2d loc. cit. 303] and that "(i)t does not specifically and definitely appear that the claim was founded upon any contract or agreement * * *." In re Franz' Estate, supra, 245 S.W.2d loc. cit. 6.

■ It may be conceded that we could not say confidently whether the instant claim declared upon an express contract or upon quantum meruit, and that, if proper disposition of this appeal necessitated a definite determination one way or the other, we would have difficulty in deciding on which side of the fence we should tumble. Our uncertainty as to the theory of the claim being certain, and our doubt with respect thereto being definite, we have concluded (with no uncertainty or doubt as to this) that the case at bar clearly falls within the rule consistently followed in analogous situations, to wit, if " 'it is impossible to say with definiteness whether the plaintiff is counting upon an express contract or upon quantum meruit, he will be permitted to recover upon whichever of the two theories his evidence may warrant.' " In re Hukreda's Estate, supra, 172 S.W.2d loc. cit. 826(5); Reighley, supra, 332 S.W.2d loc. cit. 86(7); Vosburg, supra, 272 S.W.2d loc. cit. 303; Whitworth v. Monahan's Estate, Mo.App., 111 S.W.2d 931, 933. See also Emerson v. Treadway, Mo.App., 270 S.W.2d 614, 621(13–15); Anderson v. Ward, Mo.App., 21 S.W.2d 886, 887(1); Boyle v. Clark, 63 Mo.App. 473, 477(3).

■ Accordingly, with the transcript showing that the trial court proceeded upon quantum meruit, and with the sufficiency of the evidence to warrant recovery upon that theory being plain and unchallenged, the judgment for plaintiff should be affirmed. It is so ordered.

RUARK, P. J., and McDOWELL, J., concur.