**Jacob and Louise JENSEN, Appellants,**

**v.**

**ESTATE of John Robert McCALL, Deceased, Claude C. Cooper, Executor, Respondent.**

**No. 52690.**

Supreme Court of Missouri,
Division No. 1.

March 11, 1968.

Motion for Rehearing or to Modify Opinion
Denied April 8, 1968.

its failure to state a claim. The motions were sustained and a judgment was rendered from which the claimants have appealed. The primary issues presented on appeal are whether the written demand states the nature of the claim sufficiently to comply with § 473.380, RSMo 1959, V.A.M.S., whether the contract on which the claim is founded is invalid for lack of mutuality, and whether the action is one in equity for specific performance of which the probate court does not have jurisdiction.

The material parts of the written demand are as follows: "Claim as per contract between John R. McCall and Jacob & Louise Jensen dated May 28, 1963, in amount of $20,000.00 a copy of said contract being attached hereto and made a part hereof $20,-000.00 TOTAL 20,000 00". An affidavit attached to the claim, executed by both claimants, states: "Jacob Jensen and Louise Jensen, being duly sworn, state that, to the best of their knowledge and belief, they has [sic] given credit to the above estate for all payments and offsets to which it is entitled, and that the balance here claimed is justly due." The copy of the contract attached to and filed with the claim is as follows:

"THIS AGREEMENT, made and entered into this 28th day of May, 1963, by and between JOHN ROBERT McCALL, first party, and JACOB JENSEN and LOUISE JENSEN, jointly, second parties.

"WHEREAS, the first party is a single man and is residing at this time in the home of second parties at RR 21, Antioch Station, Kansas City, Missouri, Clay County, and

"WHEREAS, it is the intention of the first party to make his home with the second parties upon the conditions hereinafter set out, it is by the parties now agreed as follows:

"In consideration of the sum of One Dollar ($1.00), to the second parties paid by the first party, the receipt of which is hereby acknowledged, the second parties agree that during the life time of the first party, or for that term hereinafter set out, they will fur-

J. William Blackford, Blackford & Wilhelmsen, Kansas City, and David D. Lodwick, Excelsior Springs, for appellants.

Cornelius Roach III, Donald L. Mason, Jack E. Gant, Mason, Gant & Moran, Kansas City, for respondent.

STORCKMAN, Judge.

The appellants Jacob and Louise Jensen filed a claim for $20,000 in the Probate Court of Clay County against the Estate of John Robert McCall, deceased. From the briefs it appears that the Estate presented no evidence at the hearing in probate court and judgment was rendered for the claimants from which the Estate appealed. In the circuit court the Estate filed two motions to dismiss the plaintiffs' demand for

nish a home for the first party in their home in Clay County, Missouri, treating this first party as a member of the family, the meaning of which is that they will furnish his food, laundry, bedclothes, afford him the access to such parts of the house as he may desire except their bedroom, giving him free run of the property, except he is not to have any say in the management of the same, and during which time he shall pay the sum of $5.00 per month during the term of this contract.

"This contract is to last during the life of the first party and in the event the second parties have furnished the above items and services, the first party does agree that upon his death he will have by will provided and here represents he will have available for payment, the sum of Twenty Thousand Dollars ($20,000.00) to said second parties, jointly, as husband and wife, and he represents that he has this same day executed a will leaving said parties the sum of Twenty Thousand Dollars ($20,000.00) conditioned upon their faithful performance of this agreement.

"In the event during the life time of this contract, the first party's physician shall advise him that for his best care and treatment he should be confined to a hospital or other facility, then that event shall not be a violation of the obligations of the second parties to this contract.

"Either party may cancel this contract at any time they desire, however, in the event the first party cancels this contract, then first party shall be obligated to pay for the time he has been in the home of second parties, at the rate of Eighty Dollars ($80.00) per month.

"IN WITNESS WHEREOF, the parties have hereunto set their hands to three copies of this contract, each of which shall be considered an original, this 28 day of May, 1963.

"(Signed)   John R. McCall

"(Signed)   Louise Jensen

"(Signed)   Jacob M. Jensen

"Subscribed and sworn to before me this 28 day of May, 1963.

"(Signed)   Shirley Fuhrman
Notary Public

"My comm. expires:   4–6–65"

———◆———

The two motions to dismiss the claim were filed in the circuit court on the same day. Both motions assert that claimants' demand fails to state a claim. The first motion states three grounds for dismissal directed to alleged deficiencies in the statement as follows: 1. failure to allege "any facts tending to show how or in what manner decedent breached the contract" in violation of § 473.380, RSMo 1959, which requires a probate demand to state the nature of the claim; 2. failure of the claimants to allege as required by Rule 55.18, V.A.M.R., that they faithfully performed their duty to furnish board, room, bedclothing and laundry to the deceased during his lifetime; and 3. failure to allege performance or willingness to perform or a legal excuse for nonperformance. This third ground further asserts that the contract was "mutual and dependent, imposing concurrent obligations upon both parties" so that performance or willingness to perform was a condition precedent to decedent's obligation to the contract.

The second motion, designated an "ALTERNATE MOTION", sought dismissal on the ground the demand "upon its face" failed to state a claim "because the contract was so lacking in mutuality as to be invalid

and unenforceable, as a matter of law, being one terminable at the will of either party." The trial court sustained "said motions" and ordered, adjudged, and decreed: "That claimants take naught by their suit against the defendant herein".

Section 473.380, RSMo 1959, V.A.M.S., regulating the presentation of claims in probate courts, reads in material part as follows: "1. No claim shall be allowed against an estate unless it is in writing, stating the nature and amount thereof, if ascertainable, and is accompanied by an affidavit of the claimant, * * *." "2. If a claim is founded on a written instrument, the original or a copy thereof with all indorsements shall be attached to the claim."

The claim was founded on a written contract and a copy of it, as set out above, was attached to the claim. The amount of the claim, $20,000, as provided in the contract for full performance by the claimants, was stated and the statutory affidavit was attached stating that the claimants had given credit to the Estate for all payments and offsets and that the balance claimed was justly due. There is no dispute as to these items. The initial question presented is whether the demand states "the nature" of the claim sufficiently to satisfy the legislative intention of § 473.380. In the sense used here, the word "nature" is defined as "the essential character or constitution of something". Webster's Third New International Dictionary. Thus, the inquiry is whether the statement and contract filed disclosed the essential character or constitution of the claim against the estate.

■ The applicable rule of statutory construction was stated in In re Franz' Estate, Mo., 245 S.W.2d 1, 5[4], as follows: "Clearly the Legislature intended to make it easy for persons not learned in the law to present their demands against estates in the probate court and on appeal in the circuit court without being held to technical formalities and rules. Our courts have steadfastly refused to narrow the construction or restrict the application of the statutes cited."

■ A demand filed in probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court, and it is sufficient if it gives reasonable notice to the legal representative of the estate of the nature and extent of the claim and is sufficiently specific so that a judgment thereon will be res judicata of the obligation on which it is based. Siegel v. Ellis, Mo., 288 S.W.2d 932, 938[4]. These standards of sufficiency are also approved in Bench v. Egan's Estate, Mo., 363 S.W.2d 547, 549, Malone v. Adams, Mo.App. 362 S.W.2d 95, 97–98[3], In re Franz' Estate, Mo., 245 S. W.2d 1, 4[2], In re Thomasson's Estate, 346 Mo. 911, 144 S.W.2d 79, 81–82[4], and Meffert v. Lawson, 315 Mo. 1091, 287 S.W. 610, 611[5]. See generally in this regard 34 C. J.S. Executors and Administrators § 417b, p. 194. On appeal to the circuit court, the cause is tried anew without formal pleadings being required. Section 472.250, RSMo 1959, V.A.M.S.; In re Franz' Estate, Mo., 245 S.W.2d 1, 4[3]; Meffert v. Lawson, 315 Mo. 1091, 287 S.W. 610, 611[5]; Wencker v. Thompson's Adm'r, 96 Mo.App. 59, 69 S.W. 743, 745[6].

■ The Estate contends the statement of claim is deficient in that it does not allege any breach of the contract on which the demand is founded and that it fails to state any facts constituting a breach or showing how or in what manner the contract was breached. In support of these contentions, the respondent cites a number of cases dealing with petitions for damages for breach of contract filed in the circuit court prior to the enactment of the code of civil procedure in 1943 and before the adoption of rules of civil procedure by this court. We have examined all of them; they have no possible relevancy to claims filed in the probate court under § 473.380. The respondent's contention seems to be that a claimant in probate court is obliged at the time he files his demand to elect and plead the precise theory of recovery. In an ordi-

nary civil action a party may be required at the close of the evidence to elect as to whether he will submit his case to the jury on the theory of express contract or the theory of quantum meruit. Boyd v. Margolin, Mo., 421 S.W.2d 761, 768[11]. Here we are concerned with the sufficiency of a statement of claim under probate statutes *at the pleading stage*.

■ The applicable rule in the present situation is that if it is impossible to say with definiteness whether the claimant in probate court is seeking recovery on an express contract or upon quantum meruit, the claimant will be permitted to recover upon whichever of the two remedies his evidence may warrant. Johnson v. Estate of Girvin, Mo., 414 S.W.2d 245, 248[2]; Malone v. Adams, Mo.App., 362 S.W.2d 95, 98[4]; In re Hukreda's Estate, Mo., 172 S.W.2d 824, 826[5]. Quite certainly at this stage of the proceeding the claimant cannot be required to elect between express contract or quantum meruit as a theory of submission and recovery. The statute simply requires that the written demand disclose the *nature* of the claim in order to constitute a valid statement of claim. The Estate relies heavily on Bench v. Egan's Estate, Mo., 363 S.W.2d 547, wherein the statement of the claim was for $20,000 "on account of breach of contract of lease, said contract being that drawn between James & Bessie Egan and Larry S. Bench dated May 6, 1960, and being the same as that agreement referred to in the inventory filed in the James Egan Estate". In the first place, the lease was not attached to the claim as required by § 473.380 and was only referred to in the inventory. It was not made a part of the claim and the executor could not be charged with knowledge of its terms. The nature of a lease is such that it could be breached in a variety of ways. Without the lease being filed, a specification of its terms and conditions and the manner of the breach claimed would be in order. The Bench case must be limited to its own facts and is not controlling or persuasive on the facts of this case. The contention that the statement of the claim is a nullity in that it fails to state facts constituting a breach or showing how or in what manner the contract was breached is denied.

■ Next the respondent asserts that the claim was properly dismissed because it did not allege performance by the claimants or any excuse for their nonperformance, or partial performance of their obligations under the contract. Again the respondent has cited a number of cases instituted on formal pleadings in the circuit courts, many of them prior to the new pleading code and the enactment of supreme court rules relative to pleadings. These decisions are not applicable to the issue before us. S.Ct. Rule 55.18, V.A.M.R., provides that: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity, and when so made, the party pleading the performance or occurrence shall establish on the trial the facts showing such performance or occurrence." While this rule is not applicable to claims in probate court, it illustrates a relaxation of the stringent rules formerly existing. The more liberal attitude is further demonstrated by Basore v. Allstate Insurance Company, Mo.App., 374 S.W.2d 626, 631[10], in which it was held that even if more than an allegation of performance and compliance with conditions was required the plaintiff should have been accorded the privilege of amending to conform to the proof rather than having the verdict directed against her. See also Dietrich v. Pulitzer Publishing Company, Mo., 422 S.W.2d 330, 334[8].

Stating the amount of the claim as required by § 473.380 conveys the information that the claimants are contending that they have completely performed their obligations under the contract. Mr. McCall promised to have available the sum of $20,000 for payment to the claimants jointly "conditioned upon their faithful performance of

this agreement." There is no other theory or basis for them to claim the full amount provided by the contract. The demand for $20,000 could be justified only on the premise that Mr. McCall lived with the claimants the remainder of his life and that the claimants fully performed under the contract. While there is no express declaration of performance in the claim, the term "as per contract" is tantamount to a statement that the claim is made in accordance with or as indicated by the contract. See "per" as defined in Webster's Third New International Dictionary. The contract is well drawn and is quite definitive and informative. No other reasonable inference can be drawn from the statement of the claim and the attached contract. The statement of claim is not deficient as a demand in probate court for failure to make any other averment of performance. Broz v. Broz, Mo.App., 132 S. W.2d 1039, 1041[2].

The Missouri decisions are replete with instances where less informative statements have been held to constitute a sufficient claim in probate court. See 13 Mo.Dig., Executors and Administrators, ☜227(1). For instance in Siegel v. Ellis, Mo., 288 S. W.2d 932, this statement was held to state a claim: "Account stated with decedent representing agreed share of proceeds from sale of household appliances $9,876.00". After the time for filing claims had expired, the claimant filed an amendment which amplified the earlier statement. The Siegel opinion states that when the claim was amended "without change as to amount or character" the executor was fully apprised as to the essentials of the agreed statement.

Supreme Court Rule 83.24 provides that: "These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits." The same policy should be exhibited toward the statement of claims filed in probate court. See also S.Ct. Rules 41.03, 55.05, 55.26 and 102.01. The demand in this case states a claim in compliance with § 473.380 and is not vulnerable to the attacks made on it as to form and sufficiency. This is not to say that the trial court may not order a claim to be made more definite or certain on motion and a proper showing of need therefor, or that the claimants may not amend the demand voluntarily if the nature of the claim is not changed and its amount is not increased. Siegel v. Ellis, Mo., 288 S.W.2d 932, 938[5]; Corson v. Waller, 104 Mo.App. 621, 78 S.W. 656, 658[2]; Minor v. Lillard, Mo., 306 S. W.2d 541, 543. See also S.Ct. Rules 55.53 and 55.54.

■■ On the basis of its alternate motion, the respondent Estate asserts the dismissal was proper because the contract upon which the claim was founded was so lacking in mutuality as to be invalid and unenforceable as a matter of law because the contract was terminable at the will of the claimants. This is in contrast to the third paragraph of the first motion which states that "said contract was mutual and dependent, imposing concurrent obligations upon both parties." The authorities cited by respondent concede that the rule applies only to the extent that the contract remains executory. Want of mutuality, if it exists, is available only to escape such executory performance as may be remaining under the contract and does not prevent enforcement of those portions of the contract that have been performed. Spencer v. General Electric Co., C.A. 8, 243 F.2d 934, 939[6]; Martin v. Ray County Coal Co., 288 Mo. 241, 232 S.W. 149, 151[4]. There is no showing that either party exercised his right to terminate. The quantum of performance is not before us. The contention is denied.

■ The next and final point in respondent's brief is that the dismissal should be sustained because the contract is enforceable, as such, only by an equitable suit for specific performance, and that damages for breach of the contract could only be recovered in an action on quantum meruit and not in this action at law for damages for breach of a contract so that the probate court, the circuit court and this court acquired no ju-

**58**

risdiction over the subject matter of the claim. The respondent has also filed in this court a motion to dismiss appellants' "demand" because this court lacks jurisdiction over the subject matter in that the contract is enforceable only by an equitable action for specific performance and that damages "are recoverable only in an action for indebitatus assumpsit as for the quantum meruit." This is the same, at least in part, as the last point in the brief referred to above. The statement of the contentions appear to be somewhat contradictory and confusing. We have already ruled that the demand states a claim under § 473.380 and that the claimants cannot be required at this time to select the theory of recovery on which they will submit their case. The question remaining is whether a court of equity alone has jurisdiction of the action.

This does not purport to be an equitable action for specific performance. No relief of an equitable nature is requested. The prayer is for a money judgment. It is filed in probate court as a claim against the estate of a decedent. The tendency is to broaden the jurisdiction of probate courts in this area. The 1955 probate code, § 472.030, provides that a probate court has "the same legal and equitable powers to effectuate its jurisdiction and to enforce its orders, judgments and decrees in probate matters as the circuit court has in other matters * * *." Regardless of the origin of this relief and earlier views with respect to it, the law is now settled that such a claim may now be presented to a probate court as a probate matter. Ashley v. Williams, 365 Mo. 286, 281 S.W.2d 875, 879[3]; Joseph v. Joseph, Mo.App., 164 S.W.2d 145, 149[5]. In addition to other declarations, Mr. McCall assumed an obligation under the contract to have the sum of $20,000 available for payment to the claimants. The probate court had jurisdiction of the claim. The contention raised in this regard is denied.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

All of the Judges concur.